### Missouri Pacific Railway Company v. Frank Watson.

#### No. 2656.

1.   **Limitation.**—In a suit brought by husband and wife as plaintiffs on a cause of action in favor of the community interests of both, though the wife be an improper party, yet if her name be stricken from the case as plaintiff and judgment be sought by the husband alone on the same cause of action, limitation against the action was stopped at the date of filing the original petition.

2.   **Pleading—Contributory Negligence.**—In an action for damages for injury caused by the negligence of the defendant, if contributory negligence be relied on as a defense it must be pleaded, unless it appears from the pleading of the plaintiff.

3.   **Negligence.**—A railway company is under obligation as a carrier to provide proper facilities for passengers to enter its passenger cars at its regular stations.    Failing in this its defense of contributory negligence in a suit for damages caused to a passenger as resulting from an effort to use the inefficient means provided for entering a passenger car can not receive favorable consideration.    The danger attending the entering of a car under such circumstances must be very apparent to justify a court in setting aside a verdict awarding damages against the company on the ground of contributory negligence of the plaintiff.

APPEAL from Leon.    Tried below before Hon. Norman G. Kittrell.

The opinion states the case except as to the amount of the judgment, which was for $2000.

*Dotson & Richardson,* for appellant. — 1.  That for the want of an allegation in appellee's petition in the court below that said hurts and injuries were received without fault or negligence on the part of Frank Watson, plaintiff, said petition was defective in substance and shows no cause of action.    T. & P. Ry. Co. v. Murphy, 46 Texas, 361–3; E. & C. R. R. v. Dexter, 24 Ind., 413; E. & C. R. R. v. Hiatt, 17 Ind., 102.

2.   Damages for personal injuries to the wife is community estate, and in a suit to recover same the wife is an improper party.    This suit having been instituted to recover damages for personal injuries to wife, Mollie Watson, as her separate estate, when her name was stricken from record as party plaintiff, her husband, Frank Watson, could not prose-

cute this suit on a trial amendment as sole plaintiff. T. C. Ry. Co. v. Burnett *et ux.*, 61 Texas, 638; Henderson v. Kissam, 8 Texas, 46; Sayles & Bassett's Texas Pl. and Pr., sec. 53.

3. That to permit appellee to prosecute this suit on trial amendment was a violation of the rules of pleading. On the 28th day of November, 1888, the court sustained appellant's exceptions to appellee's petition for misjoinder of parties plaintiff. On said day and date leave was granted appellee to file his trial amendment as sole plaintiff, and this cause was tried on December 14, 1888. Sayles & Bassett's Texas Pl. and Pr., sec. 53; Contreras v. Haynes, 61 Texas, 105.

4. The court below erred in overruling defendant's plea of limitation in bar of this suit, said suit being prosecuted by Frank Watson as sole plaintiff November 28, 1888, and having been instituted by Frank Watson and wife, Mollie Watson, April —, 1888, for personal injuries received June 19, 1887. An action brought by husband and wife for the recovery of wife's separate estate, amended alleging title to said estate in husband as community estate, operates as an abandonment of original cause of action and is in effect a new suit. Miguel Morales v. Fisk et al., 66 Texas, 189; Henderson v. Kissam, 8 Texas, 46; Whitehead v. Herron, 15 Texas, 128.

5. The court erred in overruling defendant's motion to tax costs of this suit against plaintiff up to filing trial amendment by plaintiff Frank Watson. A plaintiff may so amend his petition as to change the character or right in which he sues upon payment of costs of suit up to filing such amended pleading. On the 29th day of November, 1888, the court below sustained appellant's exception to plaintiff's petition for misjoinder of parties plaintiff, and on same day permitted appellee to file his trial amendment and to prosecute this suit on said amendment as sole plaintiff.

6. One who is injured by the mere negligence of another can not recover any compensation for such injury if he by his own or his agent's ordinary negligence proximately contributes to produce the injury of which he complains, so that but for his concurring fault the injury would not have happened. Seale v. G. C. & S. F. Ry. Co., 65 Texas, 280; E. L. & R. R. Ry. Co. v. Rushing, 69 Texas, 317; Sherm. & Redf. on Neg., sec. 11 and note 3.

7. The jury erred in returning verdict for plaintiff, because it was proved by plaintiff's evidence upon the trial that plaintiff Frank Watson and his wife were guilty of such gross negligence in entering defendant's coach that said plaintiff is not entitled to recover of defendant for said alleged injuries inflicted on his said wife; and because the verdict of the jury is against the law as given in charge by the court, as follows:

"That if such injury was occasioned and occurred without fault or negligence on the part of said Frank Watson or his wife Mollie Watson you will find for plaintiff."

Negligence is the doing of that which an ordinarily prudent person would not have done under like circumstances, or is the omission to do that which an ordinarily prudent person would have done under like circumstances to avoid injury.    H. & T. C. Ry. Co. v. Smith, 52 Texas, 178, 179; 23 Am. and Eng. R. R. Cases, 289, 420.

*F. M. Etheridge* and *B. D. Dashiell*, for appellee. — 1. Neither a general or special demurrer should be sustained to a petition stating facts from which the jury or court trying the cause may find that negligence existed.    Rowland v. Murphy, 66 Texas, 534.

2.    When a railroad company fails to provide sufficient and safe means of ingress to and egress from its car it is guilty of negligence.    Rev. Stats., art. 4226; Hutch. on Car., sec. 516; McDonald v. Railway Co., 26 Ia., 124.

3.    A petition which shows that the means of ingress to the cars furnished by a railroad company was dangerous, but that same was not obviously dangerous, and that plaintiff in the careful use of the means provided was injured thereby, is invulnerable to demurrer.    3 Will. Civ. Cases, sec. 21.

STAYTON, CHIEF JUSTICE.—This action was first brought by Frank Watson and wife to recover damages for injuries alleged to have been received by her while entering the car of appellant as a passenger.

The petition stated facts on which both husband and wife sought a recovery, and there is nothing in the petition which characterizes the action as one brought to recover in the separate right of the wife.    The petition was demurred to on the ground of misjoinder of parties, and this was sustained, but by trial amendment the name of the wife was dropped from the case as a party.

It is claimed that after this was done the cause should have been dismissed, and more than one year then having elapsed after the injury it is claimed that the defense of limitation should have been sustained.

The petition set up facts that authorized a recovery in the right of the community, and there was no intimation of desire or intention to recover in the separate right of the wife; and while the wife was an unnecessary or even improper party, when her name was stricken from the case as a plaintiff we see no reason why the husband might not prosecute the cause to final judgment as though the wife had never been joined.    The cause of action, as before said, was one in favor of the community, and no other or different cause of action was set up from the inception of the cause, and the action having been brought within one year after the injury was received the defense of limitation was properly overruled.

The petition stated a good cause of action and did not develop a case

634 in which it appeared that the injury to Mrs. Watson was caused by the contributory negligence of herself or husband, and in such case it rested with appellant to allege that the injury was so caused if it desired to rely upon such a defense.

TEXAS SUPREME COURT REPORTS. [Galveston,

in which it appeared that the injury to Mrs. Watson was caused by the contributory negligence of herself or husband, and in such case it rested with appellant to allege that the injury was so caused if it desired to rely upon such a defense.

The other assignments necessary further to consider in effect urge that the evidence was insufficient to sustain the verdict. It appears that appellee and wife desired passage on appellant's train from Buffalo to Marquez, a distance of about twenty miles, and to secure this bought tickets. When the train reached Buffalo, where it made but a very short stay, appellee and his wife entered the car of appellant, but in doing this the evidence justifies the holding that the wife of appellee was seriously injured.

There seems to have been no platform or other arrangement made to enable passengers with ease to enter the cars, which made it necessary on the particular occasion that Mrs. Watson should reach the car step from the ground, and between the lower step of the car and the ground the distance is shown to have been from thirty to thirty-six inches.

Some assistance seems to have been given to Mrs. Watson by the employes of appellant, but to enter the car it was necessary she should step from the ground to the lower step of the car without any intervening foot rest. At the time she was in pregnancy advanced about two months, and received such injury that on the arrival of the train at Jewett, an intermediate station, it was found necessary to remove her from the train for medical attention. The physician who there treated her stated fully the nature of her injuries, and that "had she gone on to Marquez from Jewett (12 miles) in the condition I found her on June 19, 1887, the chances would have been against her life. In all probability the injuries I found her suffering with would have proved fatal."

The evidence further shows that women had frequently entered the train at Buffalo in the manner Mrs. Watson did without injury, and Mrs. Watson had frequently entered the cars at Buffalo, but on these occasions a step box was usually if not always furnished to make the ascent easy and safe.

It is shown that Mrs. Watson used due care in entering the car with the means provided; that she was not negligent unless the attempt to enter the car at all with the means furnished was negligence.

There is no claim that her injuries were not received in entering the car, nor that they were not of such character as to authorize the damages awarded, but it is claimed that the attempt to enter the car with the facilities furnished by appellant was such contributory negligence as must defeat a recovery.

Such a proposition coming from appellant through whose servants she was invited to attempt to enter the car by the use of the means furnished, and so in the hurry requisite in boarding a train that stopped but a brief

period to enable passengers to enter the cars, comes without much to recommend it to favorable consideration.

The jury were very clearly instructed as to the degree of care which should have been used by each party, and as to the effect contributory negligence on the part of appellee or his wife would have upon his right to recover. When a passenger has carefully used the means provided by the carrier to enter its cars at a regular station the danger of attempting to enter would have to be very apparent, even to a person without experience in such matters, to justify this court in setting aside a judgment entered on the finding of a jury under a proper charge that the passenger was not guilty of contributory negligence.

No facts are shown in this case that would justify such action, and the judgment of the court below must be affirmed.

*Affirmed.*

Opinion February 8, 1889.