WEATHERFORD, MINERAL WELLS & NORTHWESTERN RAILWAY COMPANY ET AL. v. SALLIE WHITE.

Decided April 1, 1909.

**1.—Carriers of Passengers—Negligence—Assistance in Alighting.**

Evidence considered and held to support a finding of negligence on the part of a railway company in failing to furnish a step-stool and assistance in alighting, to a passenger, an aged woman of defective eyesight.

**2.—Continuance—Harmless Error.**

Error in overruling an application for continuance for absent witnesses is cured where such witnesses appear and testify during the progress of the trial.

**3.—Continuance—Discretion of Court.**

A second application for continuance on account of want of testimony of a witness who was present at the opening of the trial, but left without consent of the party summoning him before being called to testify, was addressed to the discretion of the court. Case held to show no abuse of such discretion in view of the testimony of the absent witness as compared with the undisputed facts otherwise established.

**4.—Evidence—Opinion—Permanency of Inquiry.**

No error appeared in admitting testimony of plaintiff that she believed her injury was for life where such injury, consisting in a shortening of the injured leg, was permanent necessarily, and as obviously so to a layman as to a medical expert.

**5.—Practice on Appeal—Damages—Medical Attention—Remittitur.**

Error in permitting recovery of damages for medical attention, held cured by remittitur covering the amount attributable to such element of damages.

**6.—Charge—Damages—Future Suffering.**

An instruction permitting recovery for damages on account of such future suffering as the jury might find from evidence that plaintiff "will undergo in the future" was more favorable to defendant than one limiting the damages to such "as she will reasonably and probably undergo."

**7.—Carriers of Passengers—Charge—Utmost Care.**

An instruction requiring of a carrier of passengers the utmost care is not erroneous where such degree of care is further defined as that which "would be excised by a very careful, prudent and competent person under the same or similar circumstances."

**8.—Charge—Affirmative Submission of Defense.**

A charge which, after directing a verdict for plaintiff in case of finding of defendant's negligence, instructs the jury "if you do not so find and believe from the evidence your verdict will be for defendant" is a sufficient affirmative submission of the defense.

**9.—Practice on Appeal—Remittitur—Costs.**

Where there is error which requires a remittitur to cure it, the costs of appeal will be taxed against appellee upon affirmance on remittitur.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*H. C. Shropshire,* for appellant.—On overruling first application for continuance: Article 1278, Sayles' Revised Statutes of Texas, 1897; Cleveland v. Cole, 65 Texas, 402; Doll v. Mundine, 84 Texas, 315; Blum v. Bassett, 67 Texas, 196; Wilborn v. Elmendorf, 40 S. W., 1059; Texas & P. Ry. Co. v. Watson, 3 W. & W., 302; City of Corsicana v. Kerr, 75 Texas, 208; McKinney v. State, 8 Texas App., 637; Eldridge v. State, 12 Texas App., 213; Higginbotham v. State, 3 Texas App., 450; Chilson v. Reeves, 29 Texas, 276; Prewitt v. Everett, 10 Texas, 283.

On second application for continuance: Cotton v. State, 4 Texas, 260; Gregory v. Southern Pac. Ry. Co., 2 Texas Civ. App., 279; Linard v. Crossland, 10 Texas, 466; Land v. Miller, 7 Texas, 463; Dillingham v. Chapman, 30 S. W., 677; Dillingham v. Ellis, 86 Texas, 447; Bridges v. Williams, 66 S. W., 120; 28 Texas Civ. App., 38; Waldrup v. Maxwell, 84 Ga., 613; City of Corsicana v. Kerr, 75 Texas, 208; Hyde v. State, 16 Texas, 446.

Continuance a matter of right, not of discretion: Article 1278, Sayles' Revised Civil Statutes of Texas, 1897; Cleveland v. Cole, 65 Texas, 402; Doll v. Mundine, 84 Texas, 315; Blum v. Bassett, 67 Texas, 196; Wilborn v. Elmendorf, 40 S. W., 1059; City of Corsicana v. Kerr, 75 Texas, 208; Chilson v. Reeves, 29 Texas, 275; Prewitt v.

Everett, 10 Texas, 283; Insurance Co. of N. A. v. Wicker, 93 Texas, 390; St. Louis S. W. Ry. Co. v. Terry, 22 Texas Civ. App., 176; Railway Co. v. Yates, 33 S. W., 291; Burlington F. Ins. Co. v. Coffman, 13 Texas Civ. App., 439; Dillingham v. Chapman, 30 S. W., 677; Dillingham v. Ellis, 86 Texas, 447.

Appellee not having qualified as an expert, the court committed reversible error in permitting her to testify, over objections of appellant, that she believed she was injured for life. Filler v. New York C. R. Co., 49 N. Y., 42; 12 Am. & Eng. Ency. Law (2d ed.), 451; 5 Ency. Evidence, 583; Gabel v. Weisensee, 49 Texas, 142; Houston & T. C. Ry. Co. v. Smith, 52 Texas, 186; Kaufman v. Babcock, 67 Texas, 244-5; Harris v. Nations, 79 Texas, 412-13.

There being no evidence before the court as to the reasonableness or necessity of the expenses incurred by appellee for doctor's bills, that part of the court's charge which authorized the jury to assess damages therefor is material error. El Paso Electric Ry. Co. v. Sierra, 109 S. W., 986; Missouri, K. & T. Ry. Co. v. Reasor, 28 Texas Civ. App., 302; Wheeler v. Tyler S. E. Ry. Co., 91 Texas, 356; Houston & T. C. Ry. Co. v. Rowell, 92 Texas, 147; Missouri, K. & T. Ry. Co. v. Warren, 90 Texas, 566.

The charge fails to restrict the verdict of the jury to an allowance only of damages to appellee for such future suffering, if any, as she would reasonably and probably undergo in the future as a result of her injuries. International & G. N. Ry. Co. v. Clark, 96 Texas, 349; Missouri Pac. Ry. Co. v. Mitchell, 75 Texas, 77.

The charge, that the law requires of the carrier exercise of the "utmost care" for the safety of its passengers while riding upon and alighting from its trains, is erroneous, because it is misleading and well calculated to confuse the jury and cause them to believe appellant owed appellee a higher degree of care than is imposed by law. Davis v. Railway Co., 42 Texas Civ. App., 55; McCarty v. Railway Co., 21 Texas Civ. App., 568; International & G. N. Ry. Co. v. Welch, 86 Texas, 204; Railway Co. v. Orr, 31 S. W., 696; Railway Co. v. Stricklin, 27 S. W., 1093; Gulf, C. & S. F. Ry. Co. v. Shields, 28 S. W., 709, 9 Texas Civ. App., 652.

Appellant had the right to have the jury affirmatively informed of its legal rights upon every issue raised by the evidence. Texas T. Ry. Co. v. Ayres, 83 Texas, 270; Missouri, K. & T. Ry. Co. v. Johnson, 95 Texas, 409; Louisiana E. Ry. Co. v. Carstens, 19 Texas Civ. App., 190; Neville v. Mitchell, 28 Texas Civ. App., 89; Texas & P. Ry. Co. v. McKenzie, 30 Texas Civ. App., 293; St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 480; Houston & T. C. Ry. Co. v. Patterson, 20 Texas Civ. App., 255, 48 S. W. 747; Galveston, H. & S. A. Ry. Co. v. Jenkins, 69 S. W., 233, 29 Texas Civ. App., 440; Dupree v. Alexander, 29 Texas Civ. App., 31.

*Ed. H. Bennett, Albert Stevenson, E. B. Ritchie* and *J. T. Jones*, for appellee.

LEVY, Associate Justice.—By her petition the appellee sought to recover damages for personal injuries received while a passenger

disembarking from the passenger train of the appellant, claimed to have been occasioned to her by the negligent failure of the appellant to furnish and provide a step-stool for her assistance, and in failing to render her personal assistance in her descent from the bottom step of the car to the platform, a distance of about 30 inches, at the station of her destination, she being an old and feeble lady and of weak eyesight, which fact was known to the employes of appellant in charge of the train at the time.

The appellant answered by general denial and contributory negligence.

The case was tried to a jury, and in accordance with their verdict a judgment was rendered in favor of the appellee.

Without setting out the evidence in detail, substantially it shows that the appellee, a woman seventy years old and with weak eyesight, was a passenger on the appellant's passenger-train for her home at Mineral Wells, Texas. When the train stopped at its regular station at Mineral Wells the passengers thereon proceeded to alight from its several coaches, the conductor assisting the passengers to alight at one coach, and the porter at another coach. The coach that appellee was riding in was a vestibule coach, and occupied the third place from the front of the train. When the train stopped the appellee followed a part of the crowd of passengers in front of her to the rear end of the car she was riding in, a fellow passenger carrying her grip. The rear door of the vestibule car she was riding in was open, and she, on reaching its platform, proceeded to alight from the same. The porter of the train was standing in about six or eight feet of the platform appellee was then on and at the steps of the next car behind the car she was alighting from, and the porter saw her alighting. After reaching the bottom step of the platform of the car the appellee proceeded to make the descent therefrom to the platform of the station, which was the ground, prepared and used by the appellant as the place for its passengers to alight. In making the descent from the bottom step of the car to the ground, and by reason of the distance of this step of the car to the ground, which was not known or appreciated by the appellee at the time, and there being no step-stool, she was overbalanced, and as her foot reached the ground it careened under the weight of her body and threw her forward to the ground. All the evidence agrees with the testimony of the conductor and porter, that "there was no footstool at the place she fell," and that no employe was there to or did assist her in alighting from the car. By her fall to the ground, and as a result thereof, appellee suffered serious injury to her hip and leg. The jury found on these facts in favor of the appellee, and we think the evidence sufficient to sustain their verdict and to warrant the finding which we make, that appellant was guilty of negligence toward the appellee, as claimed in the petition, proximately causing her injury, and that appellee was not guilty of contributory negligence, and that the evidence supports the verdict as to the amount of damages allowed her, except as to the medical and medicine bills claimed in the petition.

*After stating the case.*—By the first assignment of error it is con-

tended that the court erred in overruling the first application for continuance for the term for the want of the evidence of the three witnesses named.  It appears from the record that the three witnesses who had been subpoenaed to attend and testify for the appellant, and and for whose absence at the time the first application for continuance was made, appeared in the court room by process of the court before the trial had ended and before the plaintiff and the defendant had finished introducing their evidence.  Two of the witnesses testified in the case after making their appearance.  The appearance of the witnesses before the closing of the hearing of evidence operated, we think, to relieve any error in overruling the said application for continuance for the term, because no injury could be held to have resulted from the particular ruling.

The second application made in the case for continuance for the term, the overruling of which is complained of in the second assignment of error, was an equitable application addressed to the sound discretion of the trial court; and unless it could be held in the light of the entire record that the court, in the exercise of its discretion, erred to the injury of appellant's right, this court could not revise the judgment of the trial court.  The second application for continuance for the term was made during the trial of the case for the want of the evidence of the witness Mabry, who, it is alleged, after appearing as a witness in the case, and during the trial of the case, and without the knowledge and consent of appellant, who had him subpoenaed as a witness, got on the train and left, without testifying, for Colorado, Texas.  The application states what the witness would testify to in the case.  On the motion of appellant for a new trial appellant contended that the overruling of the second application was error, and the appellee contested the same and attached the affidavit of said witness as to his testimony, which reads, after omitting formal parts, "that on the 9th day of June, 1907, he came into Mineral Wells on the noon train from Weatherford, on which Miss Sallie White, the plaintiff, was a passenger; that affiant got off of the east platform of the coach that Miss Sallie is supposed to have fallen from, though affiant did not see her fall, but after affiant had gotten off he heard an exclamation behind him and turned to look back, when some one jostled him seemingly trying to get to Miss Sallie, and when affiant saw her she was down, or partially so, on the ground—rather, on one leg—and some persons were trying to lift her up, and this was the first he saw of her and all that he saw, except she was carried into the depot.  Affiant did not see her fall, and does not know how she came to fall."  In reply to the contest the appellant attached a letter written by the witness to the superintendent of appellant, of date January 2, 1908, which reads: "In reply to your letter to me under date of December 27th regarding an accident resulting in personal injury to Miss Sallie White on or about May 11, 1907, I wish to say that I was standing on the platform when the train pulled in, and noticed a number of trainmen assisting passengers in alighting from a number of coaches—at least three or more.  I also noticed one quite elderly lady get off a coach where there was no one to assist her.  This party, after alighting on the platform and standing perfectly still for several

seconds, and as she was about to step forward, seemed to collapse and sank to the ground. I am quite positive that she did not fall down immediately upon putting her feet on the platform. I hurried to where the lady was on the ground and assisted her to arise. Other than this I know nothing." For the purpose of the assignment of error presented, it may be assumed that the witness would testify as stated in the application for continuance.

The legal contention that could arise in regard to the ruling of the court on the second application is, that the appellant was, without fault or negligence on its part, deprived of material evidence in defense of the case. Could it be said that an injury resulted to appellant because of the absence of the testimony of the witness? To discharge the duty that appellant owed appellee, its passenger, in this case, it was incumbent upon it to exercise a high degree of care for her safety in disembarking from the car. The practically undisputed evidence warrants the conclusion that this duty was not discharged. Appellant's conductor and porter and all the witnesses agree that there was a considerable distance intervening between the station platform and the bottom step of the car, and that there was no step-stool there to assist her in alighting. The precise distance from the step to the platform is in conflict as to whether it was eighteen inches or thirty inches. That appellee, in making the descent unassisted from the bottom step of the car to the platform, and because of the long step to be taken by her, was thrown to the ground, is made positive and clear. That injury was occasioned to her by the fall on the ground can not be questioned from the evidence in the record. The rear door and the vestibule of the coach she was riding in were open, and she followed passengers in her car going out of the car that way. Appellant, in the discharge of that high degree of care owing appellee, if it did not want appellee to disembark from that end of the car, should have provided against the same by informing her, or by having the vestibule doors closed. The platform of the car being the place to alight from, and the door of the same, as well as the vestibule, being opened, was, in the absence of notice to her, an invitation to alight therefrom at that place, and was a place that the appellant could reasonably have known passengers would alight from. In this light of the record the evidence of the absent witness must be considered. It would appear that the witness would testify, as set out in the application, "that at the time the accident to plaintiff is alleged to have occurred he, the said witness, was standing on the platform of the defendant's depot at Mineral Wells and saw plaintiff alight from the train; (1) that plaintiff did not slip and stumble or fall from the bottom step of the car to the ground, (2) or from any of the steps of said car to the ground, or (3) from said train to the ground, in any manner whatever." Appellee did not claim in her evidence that she did "slip and stumble or fall" from the step of the car as she was going down the steps of the car. She testified, "there was no footstool at the alighting place, and no employe there to assist me down; I can not say that I stepped off of the steps—I fell off. When I discovered there was no footstool, and the crowd moved, I tried to descend myself and threw my hand around and tried to hold on, and my

body broke loose and I went down on my knee under me. From the lower step of the car to the ground, I think, was from 2½ to 3 feet." This evidence is made clearer on her cross-examination by appellant, when she says "I made my step on the last step and seen there was no stool and went too far, overbalanced to catch myself, and swung around. I didn't stumble or fall as I went down to the steps; I was overbalanced." It is evident that the appellee's only claim in the evidence was that because of the intervening distance between the step of the car and the platform of the station, and in making the long step to reach the platform she was overbalanced, and because thereof fell to the ground. The conductor said: "I didn't see her as she stepped on the ground. A lady took hold of her arm, and I went up and asked her what the trouble was; and I asked her how she fell, and she said she stepped out on the ground and her leg gave way and struck her knee on the ground." The porter of the train said: "I was probably six or eight feet east of the steps of the car and in front of the chair car; I saw the lady in the act of going down to the ground; I was helping passengers off when I saw the lady fall." The witness Denton said: "When I first saw the lady she was standing on the platform on the east side of the car; she walked down the steps and stepped off; as she stepped off she went down to the ground; I could not see whether she fell before she touched the ground or not; she just went down as she stepped off." As the appellee made no such claim as to the cause of her injury as outlined in the application, the evidence of the absent witness would not have affected the result of the case or have been material to any issue. The further portion of the evidence of the absent witness as claimed by appellant was "that plaintiff alighted from the train in safety and without injury therefrom; and after alighting from the train in safety and standing upon the platform perfectly still for several seconds, and as she was about to step forward, seemed to collapse and sank to the ground, and was afterwards assisted to arise by the witness and others; and that her injuries, if any, were not caused by any slipping, stumbling or falling from the train in any manner." That appellee did fall on the ground was conclusively shown and all the witnesses agree to that fact. If she was injured by the fall to the ground as the evidence shows, and the injury was due to the negligence of the appellant as the evidence conclusively shows, then it could not reasonably be ruled that reversible error was committed in this case in overruling an application for the want of evidence going to show that after making the long step to the platform the appellee, on reaching the platform, stood "perfectly still for several seconds, and as she was about to step forward seemed to collapse and sank to the ground, and was assisted to arise."

By the third assignment of error it is contended that the court erred in the admission of certain evidence. While it is the proper and correct practice for the witness to state the facts and let the jury draw the proper deductions arising therefrom, it could not be held, we think, in this case, under the evidence, that the question and answer complained of constitute reversible error. The answer of the witness was not a bare conclusion or belief not founded on facts or observed data, but was founded upon personally observed data. All the

physicians agreed in their evidence that the appellee's left leg had become an inch shorter than the right. One of the physicians testifying for the appellee said: "I think she will remain more or less crippled as long as she lives;" and on cross-examination by the appellant said: "I do not think she will ever recover entirely." The two other physicians do not say that the injury was not permanent. That her left leg was shorter than the other, and had become so from the injury, was a fact within her knowledge, and was an apparent and external injury. When she answered that she believed the injury was for life she but stated a fact known as well to laymen as to experts. If a finger or hand is cut off a layman could as well know that it would not grow back again, and that it would be an injury for life, as could a physician. If, however, the question had sought an opinion as to whether future pain or suffering would result, another question would be presented.

The appellee havng filed a remittitur for the amount claimed in the petition for medical attention and medicine, the error in this respect contended for in the fourth and fifth assignments is relieved. A remittitur is a complete answer to the error. New York L. Ins. Co. v. Herbert, 48 Texas Civ. App., 95, 106 S. W., 421. The remaining contention in the fourth assignment, as to the court's charge, can not be sustained, as it is favorable to appellant. Before the jury could award appellee damages for future suffering the jury were required by the charge to find "from the evidence that the plaintiff will continue to suffer in the future from such injuries," and then to award "such a sum of money paid now as you may further believe from the evidence will fairly compensate the plaintiff for such suffering as you find from the evidence she will undergo in the future." Appellee, and not the appellant, could complain that the charge was burdensome in requiring a finding of the suffering to be such as "she will undergo" instead of "as she will reasonably and probably undergo" in the future.

The charge, in defining and restricting "utmost care" to be "such a degree of care as would be exercised by a very careful, prudent and competent person under the same or similar circumstances," placed upon the term used the proper limitation; and as thus qualified and restricted the instruction was not error.

The main charge of the court fairly and affirmatively submitted the issue to the jury admitting of a finding for the appellant on the issue of negligence if it had not been guilty of negligence, and the seventh assignment is overruled. The court charged as a corollary of a finding for appellee, "If you do not so find and believe from the evidence, your verdict will be for the defendant."

The eighth and ninth assignments are overruled. There is evidence to sustain a finding of negligence and to support the amount of the verdict.

The case was ordered affirmed. But, as there was error which required a remittitur to cure, the costs of this appeal will be and are here taxed against the appellee.

*Affirmed on remittitur.*

Writ of error refused.