ARANSAS HARBOR TERMINAL RY. v. SIMS. (No. 5507.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 20, 1915. Rehearing Denied Nov. 17, 1915.)

1. CARRIERS ⟨⟩347 — CARRIAGE OF PASSENGERS — ALIGHTING — CONTRIBUTORY NEGLIGENCE.

Where a passenger, with weak eyes, wearing glasses, and weighing 246 pounds, in attempting to alight in the daytime from a railroad train by taking hold of the handrail with both hands, stepped off and was injured, the distance to the ground being about three feet and there being no footstool, such action did not constitute contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1346, 1350–1386, 1388–1397, 1402; Dec. Dig. ⟨⟩347.]

2. TRIAL ⟨⟩352—ACTION FOR INJURIES—SUBMISSION OF ISSUES—FORM OF INTERROGATORIES.

In an action against a railroad company for injuries to a passenger in stepping from a train, the submission of the issue whether defendant was negligent, as negligence of a carrier of passengers was defined in an instruction given, was not reversible error on account of the form of the question as failing to limit the jury to the consideration of the facts raised by the pleadings; the court having informed the jury that the case would be submitted on the issues raised thereby.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 840–842, 844, 845; Dec. Dig. ⟨⟩352.]

Appeal from District Court, San Patricio County; W. W. Walling, Special Judge.

Action by Exer Sims against the Aransas Harbor Terminal Railway. Judgment for plaintiff, and defendant appeals. Affirmed.

Denman, Franklin & McGown, of San Antonio, for appellant. Jas. G. Cook and M. C. Nelson, both of Sinton, for appellee.

MOURSUND, J. This is an appeal from a judgment for $1,000, recovered by Miss Exer Sims against the Aransas Harbor Terminal Company on account of injuries sustained by her in alighting from a train, which injuries she alleged were caused by the negligence of said terminal company in failing to provide and maintain a safe way of departing from its cars, in failing to provide reasonably safe appliances to enable her to alight from the car, and in failing to provide assistance to her in alighting from the car. Defendant denied the allegations of the petition, and pleaded that plaintiff was guilty of contributory negligence which proximately caused her injuries.

[1] Appellant contends that the undisputed evidence shows that appellee was guilty of contributory negligence which directly and proximately caused her injuries. Appellee

was a passenger on appellant's train, which arrived at Aransas Pass in the daytime. All of the passengers got off, appellee being the last one to leave the car. In alighting, she took hold of the rod with both hands and stepped off. The distance was about three feet. She weighed 246 pounds. Her eyes were weak, and she wore glasses. She did not realize that the distance from the step to the ground was so great. She had on three-button Oxford shoes, and when she placed her foot on the ground and rested her weight on it, her ankle turned and was badly sprained. She was reasonably active, considering her weight, and had not theretofore fallen on account of her ankle giving way. Appellant failed to furnish any stool or to assist the passengers in any way in alighting from the car. This evidence does not conclusively show that plaintiff acted otherwise than an ordinarily prudent person would have acted under similar circumstances, and it cannot be held that she was guilty of contributory negligence as a matter of law. M. P. Ry. v. Watson, 72 Tex. 631, 10 S. W. 731; G., C. & S. F. Ry. v. Vinson, 24 S. W. 956; T. & P. Ry. v. McLane, 32 S. W. 776; Weatherford, M. W. & N. W. Ry. v. White, 55 Tex. Civ. App. 32, 118 S. W. 799.

[2] The court, after defining the term, "negligence," when applied to carriers of passengers, submitted the issue as follows:

"Was the defendant, Aransas Harbor Terminal Railway, negligent, as negligence of a carrier of passengers is above defined?"

Defendant, at the proper time, filed the following objections to such question:

"(a) The court does not state therein the acts of negligence charged in plaintiff's petition, but leaves it to the jury to determine what acts of negligence are charged in said petition; (b) because said petition charges several alleged acts as constituting a breach of defendant's duty, and avers what plaintiff erroneously construes to be defendant's duty, and the submission of the issue as framed by the court leaves it to the jury, not to find as to the alleged acts of omission or commission by defendant charged as breaches of duty by defendant, but to determine whether defendant has been negligent, thus leaving to the jury the decision of a legal question and the determination of the construction of plaintiff in her petition as to what are defendant's duties, and whether same have been so breached as to constitute negligence."

These objections were overruled, and error is assigned to the action of the court in submitting such issue. The charge should be so drawn as to direct the jury to the consideration of the specific acts of negligence alleged in the petition. Appellee contends that the question submitted was correct as far as it went, and was not an affirmative misdirection of the jury, but an omission of which advantage could not be taken without requesting the submission of an issue which would supply the omission, or requesting an instruction limiting the jury, in deciding the issue, to the acts alleged to have caused the injury. This contention is sustained by cases decided prior to the passage of the amendment to article 1971, Revised Statutes 1911 (Acts 33d Leg. c. 59, § 3 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1971]), requiring all objections to the charge to be made before it is given. See Dallas Con. Elec. Ry. Co. v. Motwiller, 101 Tex. 521, 109 S. W. 918; S. A. & A. P. Ry. v. Long, 19 Tex. Civ. App. 649, 48 S. W. 599. The reasons for not reversing a case on account of omissions were much more cogent when the court was not apprised of such omissions until after the verdict was returned, but as the amendment made no change in the rules to be applied with reference to omissions, it seems it is necessary, in order to be in a position to complain of an omission, that the party should present and request the giving of a charge covering the matter omitted. Selden Brick Construction Co. v. Kelley, 168 S. W. 985. But in this case, even if that rule should not be applied, no reversal should take place on account of the form of the question. The court, in its charge, informed the jury that the case would be submitted upon special issues raised "by the pleadings and the evidence," and the form of the question as submitted was not calculated to cause the jury to base its verdict upon matters proved but not alleged. Besides the statement of facts does not disclose any evidence of acts of omission or commission on the part of defendant causing injury to plaintiff other than those pleaded, so defendant could not have been harmed by the manner in which the issue was submitted. Dallas Con. Elec. St. Ry. Co. v. Motwiller, supra.

Appellant, by its third assignment of error, attacks the definition of negligence given by the court. The definition was correct. H. & T. C. Ry. Co. v. Dotson, 15 Tex. Civ. App. 73, 38 S. W. 642; M., K. & T. Ry. Co. v. Kemp, 173 S. W. 535; St. Louis, A. & T. Ry. Co. v. Finley, 79 Tex. 85, 15 S. W. 267; I. & G. N. Ry. Co. v. Welsh, 86 Tex. 203, 24 S. W. 391, 40 Am. St. Rep. 829. The matter of the failure to draw the issues so as to require a finding in answer to inquiry concerning the acts of negligence pleaded is again complained of under this assignment, but, having been fully discussed in disposing of the preceding assignment, it is unnecessary to say anything further concerning the same.

By the last assignment appellant attacks the sufficiency of the evidence to sustain the finding that appellee was not guilty of contributory negligence. We have already held that the evidence did not show contributory negligence as a matter of law, and this assignment, as we construe it, raises the same issue; but, if intended as a contention that the great preponderance of the evidence shows contributory negligence, and that the judgment is therefore manifestly unjust, the same must be overruled, for we consider the evidence to be of such character as to war-

rant the jury in finding that appellee was not guilty of contributory negligence.

The judgment is affirmed.