## GIANNUKOS v. SFIRIS.

### No. 8855.

Court of Civil Appeals of Texas. San Antonio.

June 1, 1932.

Rehearing Denied July 6, 1932.

Tarlton & Lowe, of Corpus Christi, for appellant.

John C. North, of Corpus Christi, for appellee.

FLY, C. J.

This is a suit for damages alleged to have accrued through injuries inflicted in the overturn of an automobile in which Mrs. Giannukos, the wife of appellant, was riding as a guest of appellee, her son-in-law. Appellant, who instituted the suit, is the husband of the injured party, and the negligence alleged was running the automobile at a high and excessive rate of speed on an unpaved road. After hearing the testimony offered by appellant, the court instructed the jury to return a verdict for appellee, which was accordingly done, and judgment rendered in accordance therewith.

Mrs. Giannukos, on invitation of her son-in-law, James Sfiris, went driving with him from Corpus Christi towards the town of Alice, and, after the car had been driven for some time on a paved road, he ran on to a dirt road, unpaved; after going possibly two miles on the latter road, the car capsized, and Mrs. Giannukos was injured. She swore that she judged, from her experience as a driver of cars, that the car was moving at the rate of sixty miles an hour when it was wrecked. It was not claimed nor proven that the car struck any obstruction, ran into a soft spot, that it left the road, or that there was a blow-out or puncture of a tire. In fact, the claim is that the car was overturned by reason of the excessive speed at which it was being driven on an unpaved road. There was no evidence of any defect in the car, and no evidence that it slipped or skidded. There was evidence tending to show that the roadbed was not wet but was a hard dirt road. The car was not making a curve, but was moving on a straight road when it overturned. A doctor driving on the road to Alice said that he was driving at the rate of thirty-five miles an hour when appellee passed him in a car. The witness did not attempt to state how fast appellee was driving. Directly after passing the doctor, appellee successfully turned a curve, and it was some distance from the curve when the car overturned. There was no reason given for the accident except that advanced by Mrs. Giannukos, that appellee was driving too fast. Her testimony, as an expert, as to the car moving at the rate of sixty miles an hour, was all that was offered. She stated that she did not look at the speedometer. No effort was made to show any negligence except excessive rate of speed. The car had not left the road when it overturned.

This case is a family affair, and the utmost amity, good will, and family affection apparently prevailed between the different members, and the mother-in-law, in her testimony, did not berate her erring son-in-law, but spoke of him in such kindly terms as are very often not used between persons bearing the legal relationship that existed between the parties in this instance. Appellee did not testify, and no evidence was offered in his behalf, except what might be gleaned from the testimony of the mother-in-law and other evidence offered in behalf of appellant. In the dim perspective, an unnamed and, according to some Texas decisions, unnameable insurance company may be visible to the eye of faith, with its "evidence of things not seen" and undoubtedly the "substance of things hoped for" by the fond parents-in-law. This is a case of "Greek meeting Greek" with the "tug of war" omitted. Whatever may be the status of the case between the parties, there is an utter lack of testimony tending to show that the negligence of appellee in running the car at an excessive rate of speed was the cause of the accident. It was not shown that putting on the brakes, or an attempt to avoid an object in the road, coupled with the high rate of speed, caused the accident. The evidence did not show that the driver lost control, or that the car swerved from its forward course, or left the track. There is an utter lack of testimony to go before a jury. The first proposition is overruled.

The questions sought to be propounded to the mother-in-law clearly were improper, and merely sought to elicit her conclusion on a subject which was a matter of proof and not surmise by a witness who was seeking a verdict. The two propositions are overruled.

The judgment is affirmed.