## NICK GIANNUKES V. JAMES SFIRIS.

No. 6370.   Decided April 10, 1935.
Rehearing overruled May 29, 1935.
(81 S. W., 2d Series, 999.)

*L. Hamilton Lowe,* of Corpus Christi, for plaintiff in error.

Where the undisputed evidence showed that at the time of the accident defendant was driving his car on a dirt road at a speed of from 55 to 60 miles per hour, far in excess of the speed limit, and was guilty of negligence per se, it was error for the court to hold that there was no evidence to establish the existence of a casual connection between the negligence and the wreck which followed it. Washington v. Missouri, K. & T. Ry. Co. of Texas, 90 Texas, 314, 38 S. W., 764; Texas & N. O. Ry. Co. v. Ewing, 46 S. W. (2d) 398; Bock v. Fellman Dry Goods Co., 212 S. W., 635 (Com. App.).

Plaintiff's wife was qualified to testify as an expert to the rate of speed at which car was moving at time of accident. Gulf C. & S. F. Ry. Co. v. Hockaday, 37 S. W., 475, writ of error refused; Dublin Gas & Elec. Co. v. Frazier, 103 S. W., 197, writ of error refused; St. Louis, A. & T. Ry. Co. v. Johnston, 78 Texas, 536, 15 S. W., 104.

*Eskridge, Groce, Rice & Easterling,* and *Walter Groce,* all of San Antonio, for defendant in error.

Evidence not sufficient to show that negligence was proximate cause of accident. Hines v. Foreman (Com. App.), 243 S. W., 479; Texas & Pac. Ry. Co. v. Shoemake, 98 Texas, 151, 84 S. W., 1051; Paris & G. N. Ry. Co. v. Stafford, 53 S. W. (2d) 1019 (Com. App.).

Plaintiff's wife did not qualify as an expert witness. Southwestern Bell Tel. Co. v. Doell, 1 S. W. (2d) 501; 19 Texas Jur., p. 69.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the 117th District Court of Nueces County, Texas, by Nick Giannukes against James Sfiris to recover damages for personal injuries to the wife of Nick Giannukes, alleged to have resulted from the negligence of James Sfiris. The case was tried in the district court before a jury, but at the close of the testimony the jury was peremptorily instructed to return a verdict for Sfiris. The verdict was returned as directed and judgment entered accordingly. On appeal by Giannukes this judgment was affirmed by the Court of Civil Appeals. 51 S. W. (2d) 753. Giannukes brings error.

We shall hereafter refer to Nick Giannukes as the plaintiff and to James Sfiris as defendant.

Plaintiff's petition alleges in substance that on August 10, 1930, the defendant invited Plaintiff's wife to take a ride with him in his automobile, the same being a Buick Automobile, 1927 model; that the plaintiff's wife accepted such invitation and went riding with the defendant in such automobile; that while plaintiff's wife was so riding with the defendant in such automobile the same turned over in a public road, and as the proximate result thereof plaintiff's wife received certain serious personal injuries. Plaintiff's petition then alleges that defendant's automobile was caused to turn over by his negligence in certain named particulars. The petition then sets forth the alleged personal injuries received by the plaintiff's wife as the result of this accident, and also pleads certain expenses plaintiff was put to in treating his wife's injuries. The petition finally prays damages for the wife's injuries, and the expenses incident thereto.

The plaintiff's petition also alleges that defendant's automobile was caused to turn over by reason of several alleged negligent acts of the defendant. It will only be necessary to mention two of such acts, which were that the defendant was operating his automobile at a greater rate of speed than allowed by law, and at a rate of speed that was negligent under the circumstances at the time.

It is not necessary to detail the contents of defendant's answer; it is sufficient to say that it controverts plaintiff's petition.

An examination of the statement of facts shows conclusively that while plaintiff's wife was riding with the defendant and his wife on a fairly smooth dirt public road in Nueces County, Texas, defendant's automobile turned over while said vehicle was running and that as the result of such accident plaintiff's wife was

very severely injured. The record further shows that plaintiff was put to considerable expense on account of his wife's injuries. It is also shown that the defendant's wife is the daughter of the plaintiff and his wife, that is, the injured woman was the mother-in-law of the defendant.

A further examination of the record discloses evidence by which the jury could have found that at the time of this accident plaintiff's wife was riding in defendant's automobile as his invited guest; that at the time of this accident defendant was driving his automobile at a rate of speed in excess of the legal limit; that defendant was driving at a rate of speed of 55 or 60 miles per hour; that at the time defendant was driving along a fairly smooth black land dirt public road in Nueces County, Texas; that the car suddenly turned over in the road, and that as the result of said car turning over plaintiff's wife was severely injured. In this connection we note that the record contains no evidence whatever to explain why this automobile turned over other than that detailed above. No attempt was made to show the condition of the automobile, or any defect or break in any of its tires or other parts. Also the circumstances attendant upon this accident were proved by the testimony of plaintiff's wife alone. The defendant did not testify at all.

The record contains absolutely no evidence showing or tending to show that this defendant carried insurance protecting him against loss in the event this action should go against him. Furthermore whether defendant carried insurance can be of no concern in this action unless such fact is attempted to be proved by some party to the suit, or knowledge thereof otherwise conveyed to the jury.

1 It appears that the defendant is the son-in-law of the plaintiff and his wife. That fact is no defense to this action. There is no law in force in this State which gives a man the right to negligently injure his wife's mother. The fact that a man may marry a woman's daughter gives him no legal or moral right to be less particular to avoid injuring her than he would be to avoid injuring any other woman. Of course the relationship of the parties is admissible in evidence for what it is worth to the jury in passing on the case.

2 From what we have said it is evident that the result of this appeal must depend upon whether this record contains evidence sufficient in law to have justified the jury in finding that the plaintiff's wife's injuries proximately resulted from

the negligent speed at which this automobile was being driven at the time it turned over. The wife of the plaintiff testified that this automobile was being driven at 55 or 60 miles per hour at the time of this accident. Such a rate of speed was beyond the legal limit, and was negligence as a matter of law. Also the evidence shows that this car turned over while it was being driven along a black land unpaved public road which was in fairly good condition for a dirt road. As already shown there is no evidence in the record showing or tending to show that any part of the car gave way or was in a defective condition. The evidence simply shows that while the car was being driven at a speed of about 55 or 60 miles an hour it suddenly turned over in a dirt road. We think such a record would have justified the jury in finding that the accident and resultant injuries to plaintiff's wife were caused by the rate of speed at which the defendant was driving. We think such evidence would further have justified the jury in finding that the car was being driven at a rate of speed more than the legal limit, and at a rate of speed that was negligent under the circumstances and conditions at the time.

3 It is true that the circumstances immediately attending this accident were proved mainly, if not entirely, by the testimony of plaintiff's wife. She was clearly a party to the suit through her husband. Any recovery the husband may have in this case will be the community property of the plaintiff and his wife. Ezell v. Dodson, 60 Texas, 331; Texas & Pac. Ry. Co. v. Bailey, 83 Texas, 19, 18 S. W., 481; Speer's Law of Marital Rights, p. 453, sec. 371 and authorities there cited. It follows that the jury did not have to give the evidence of plaintiff's wife absolute verity, but they did have the right to pass on her credibility, and the weight to be given to her testimony.

4 It appears that the speed at which the defendant's automobile was being driven at the time of the accident was proved alone by the testimony of the plaintiff's wife. Her testimony was purely her opinion or best judgment. She does not testify what the speedometer indicated. There is evidence in the record showing that plaintiff's wife was an experienced automobile driver; that she knew how to drive automobiles; that she had owned and driven automobiles for ten years prior to this accident; that she lived in Houston, a large city, where many automobiles are driven in the streets; that she was 38 years of age at the time of the accident and in full possession of her mental faculties. Furthermore this record shows that this witness gave her opinion or judgment as to the speed of

this automobile without objection from the defendant. We think that any person of ordinary intelligence and experience, who has had opportunity for observation, is a competent witness to express an opinion or estimate of the speed at which an automobile or other vehicle was traveling. 5 Tex. Jur., p. 711, sec. 111 and authorities there cited. This being the rule the testimony of the plaintiff's wife certainly constituted some evidence as to the rate of the speed of this automobile at the time of the accident.

The judgments of the Court of Civil Appeals and District Court are both reversed and the cause remanded to the District Court for a new trial.

Opinion adopted by Supreme Court April 10, 1935.