JODIE MCADAMS V. DALLAS RAILWAY & TERMINAL COMPANY.

No. A-2565. Decided May 10, 1950.
Rehearing overruled June 7, 1950.
(229 S. W., 2d Series, 1012.)

218

*W. J. Durham* and *C. B. Bunkley, Jr.*, both of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that the trial court erred in allowing the introduction of evidence (assignment of husband's interest to his wife) after the jury had been discharged showing that petitioner was the owner of the entire cause of action; that such evidence raised a question of fact; and that such evidence was of a controversial matter. Brannon v. Schroeder, 167 S. W. 2d 599; Ledbetter v. Martinez, 12 S. W. 2d 1042; Day v. Anderson, 62 S. W. 2d 201.

*Buford, Ryburn, Hincks & Ford* and *Howard Jensen*, all of Dallas, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was brought by Frank McAdams for damages growing out of an accident to his wife, Jodie McAdams, while a passenger on one of respondent's streetcars on October 28, 1944. At the time this suit was filed, on March 8, 1945, Frank McAdams and Jodie McAdams were husband and wife. Thereafter, on April 17, 1946, Jodie McAdams filed an application in the trial court to prosecute the suit in her own name, stating as a reason therefor that her husband, Frank McAdams, had deserted her and refused to prosecute the suit, either in her own name or jointly with her. This application was granted.

In answer to special issues submitted, the jury found that Jodie McAdams was entitled to recover for personal injuries, pain, etc., the sum of $1350. Before the judgment was entered respondent made a motion to apportion the $1350 between Jodie and Frank McAdams. The motion was overruled, and judgment was rendered for Jodie McAdams for $1350. The Court of Civil Appeals, by a divided court, reformed the judgment of the trial court so as to award Jodie McAdams the sum of $675, plus costs, and as reformed the judgment of the trial court was affirmed. 226 S. W. 2d 194.

The controlling question here is whether Frank McAdams, the divorced husband of Jodie McAdams, is entitled to one-half of the amount of damages recovered by Jodie McAdams. The accident for which this suit was brought occurred on October 28, 1944. On March 8, 1945, Frank McAdams brought suit against the respondent. On April 17, 1946, Jodie McAdams filed a motion for leave to prosecute the suit in her own name and that her name be substituted for that of her husband, for the

reason that her husband had deserted her and refused to prosecute the suit. The application was granted, and on May 24, 1946, Jodie McAdams filed her amended petition, alleging the cause of action for past, present, and future damages. Respondent in answer to this petition entered a general denial and several special exceptions, the principal exception to the effect that petitioner's cause of action "was the community property of herself and her husband, Frank McAdams, and the husband was a necessary party." The exceptions were not urged by respondent, and consequently the trial court made no order thereon.

The case went to trial on January 24, 1949, and it was undisputed that petitioner, Jodie McAdams, was divorced from Frank McAdams about a year before the trial. The verdict rendered on January 26, 1949, awarded petitioner damages in the amount of $1350. Thereafter, and before judgment, respondent for the first time filed a motion requesting the court to apportion the damages between petitioner and her former husband and render judgment for petitioner in the sum of $675. Petitioner filed her motion for judgment on the verdict. Upon hearing of the motions, petitioner proved, over respondent's objections, that Frank McAdams had executed an assignment on March 5, 1949, of his interest in the cause of action to petitioner. There was no controversy concerning the fact of the assignment between Jodie and Frank McAdams. The assignment reads as follows:

"That I, Frank McAdams, the former husband of Jodie McAdams, do hereby transfer and assign all of my right, title and interest in and to any claim that I might have against the Dallas Railway & Terminal Company for injuries received by Jodie McAdams on the 28th day of October, 1944, as she was attempting to alight from a Belmont car at the intersection of Live Oak and Central Avenues. This written assignment is given in confirmation of an oral assignment given by me January 24, 1949. It is my intention and purpose herein to transfer whatever cause of action or claim that I might have against the Dallas Railway & Terminal Company to Jodie McAdams in cause No. 89042-A/C now pending in District Court Dallas, as well as my interest in any money that might be collected from the Dallas Railway and Terminal Company because of said injury.

/s/ Frank McAdams."

Petitioner complains of the holding of the Court of Civil Appeals that, after the divorce, Jodie McAdams and her husband became tenants in common of the cause of action, and

that Jodie McAdams could maintain suit only for one-half of the cause.

This is an action ex delicto by the wife for damages sustained by her, for doctors' bills, hospitalization, medicines for which she had heretofore paid, and for such further bills as she may have to pay in the future. She alleged that her husband had abandoned her and had refused to join her in the suit, and under these allegations she was authorized to institute and prosecute the suit without joining her husband as a party. Giannukes v. Sfiris, 125 Texas 354, 81 S. W. 2d 999; Lamar & Smith v. Stroud, 5 S. W. 2d 824; El Paso Electric Co. v. De-Garcia, 10 S. W. 2d 426; Teague v. Fairchild, Tex. Com. App., 15 S. W. 2d 585; Speer's Law of Marital Rights, p. 453, sec. 371.

■ This Court has held that, although a suit is brought by the husband or the wife as plaintiff, both are parties to the suit, and the one bringing the suit represents the other by virtue of his or her marital status. Giannukes v. Sfiris, 125 Texas 354, 81 S. W. 2d 999. This Court has also held that damages recovered by a husband or a wife for personal injuries sustained by either during the marriage belong to the community estate of both. Taylor v. Catalon, 140 Texas 38, 166 S. W. 2d 102; Roberts v. Magnolia Petroleum Co., 142 S. W. 2d 315, affirmed 135 Texas 289, 143 S. W. 2d 79; Speer's Law of Marital Rights, p. 453, sec. 371; 23 Tex. Jur., p. 130, sec. 106; 41 C. J. S., Husband and Wife, p. 1007, sec. 473.

This suit was filed by Frank McAdams, and it is undisputed that he refused to prosecute the suit, and that his wife was forced to step in and get permission from the court to further prosecute it. Frank McAdams made no objection to this procedure, and was present during the trial; and this fact was known to both petitioner and respondent. He testified on the motion for judgment that he had orally assigned all interest in the cause to Jodie McAdams, and that he did not claim any interest in said cause. On this hearing the written assignment executed by him was introduced.

■ The Court of Civil Appeals based its holding primarily on Taylor v. Catalon, 140 Texas 38, 166 S. W. 2d 102. It was held in that case that it was fundamental error for the trial court to fail to apportion the judgment for personal injuries sustained by the wife during her marriage, because she filed suit as a feme sole after her marriage had been dissolved by divorce. That decision was grounded on the fact that the former husband was

not made a party in any manner, and his rights as a tenant in common acquired after divorce could not thereby be adjudicated. The reason for this rule was stated as follows: "This rule is grounded on the fact that the law abhors a multiplicity of suits, and the further fact that, though the estates of the co-tenants or joint owners are several, *yet the damages survive to all;* and it would be unreasonable to allow several actions for damages for one single trespass." (Emphasis added.)

The case here affords no possibility for a multiplicity of suits or a survival of damages to the husband:

(1) Frank McAdams, the husband, instituted the suit on the community cause of action, and was not expressly eliminated from the case by any order of the court. Jodie McAdams, through a court order, merely had herself substituted while still married, in order that the community cause of action would be prosecuted when the husband refused to join her or prosecute the suit further. Her petition filed prior to the divorce sought recovery on the entire cause of action. The facts in Taylor v. Catalon, supra, clearly distinguish it from this case. There the plaintiff filed suit after divorce as a feme sole, and was attempting to prosecute a cause of action in part, one-half of which she did not own. The suit by petitioner here was merely a continuation of the original action filed by the husband, such action going to judgment without objection of the husband and with his acquiescence.

(2) Frank McAdams disclaimed any interest whatsoever in the cause of action, and thereby estopped himself from any further recovery against the respondent in this particular cause. Smith v. Chipley, 118 Texas 415, 16 S. W. 2d 269; 17 Tex. Jur., p. 134, sec. 6. The respondent can not claim injury in this respect.

■ Respondent's further contention that it would be injured by a nonapportionment of the damages because the one-half interest of Frank McAdams is barred by limitation, is also without merit. The purpose of the limitation of actions is to prevent the prosecution of stale claims. No lack of prosecution exists in this cause. In Missouri Pacific Ry. Co. v. Watson, 72 Texas 631, 10 S. W. 731, the petition stated facts on which both husband and wife sought a recovery for injuries to the wife, but contained nothing to the effect that the action was to recover in the separate right of the wife. The wife's name was dropped by amendment upon demurrer for misjoinder. It was held that,

the action having been brought in proper time, the husband could prosecute the cause to final judgment even though limitation had run its course when the wife's name was dropped. In that case this Court said: "The cause of action * * * was one in favor of the community, and no other or different cause of action was set up from the inception of the cause, and, the action having been brought within one year after the injury was received, the defense of limitation was properly overruled." See Dallas Rapid Transit Ry. Co. v. Campbell, 26 S. W. 884.

It logically follows that where an action for personal injuries to a married woman is begun in proper time by her husband, and by amendment the husband's name is properly dropped from the suit, with no objection on his part, and the wife is authorized to continue the suit, and the suit is thereafter prosecuted by the wife for the benefit of the community estate, the statute of limitation does not bar the cause of action.

The trial court, after the verdict of the jury, permitted the introduction of the assignment of Frank McAdams' interest in the cause. The Court of Civil Appeals held that this action violated Rule 270 of the Texas Rules of Civil Procedure, and reformed the judgment of the trial court. Rule 270 provides: "At any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice. Provided in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." Rule 1 also provides: "The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law."

Frank McAdams, testified that he claimed no interest in the suit, and executed the assignment in question. Respondent objected to the introduction of the assignment in evidence only on the ground that any interest that Frank McAdams had in the suit was barred by limitation. It is undisputed that Frank McAdams had no interest in the suit and that he had assigned whatever rights he may have had therein to Jodie McAdams; and the admission in evidence of the assignment could not be a controversial matter for the jury to pass upon within the meaning of Rule 270. The wife having been clothed with authority to prosecute the suit in her name, and no objection having been raised as to her right to continue to prosecute the suit after divorce, the trial court committed no error in submitting the issues to the jury and rendering judgment thereon. Frank McAdams hav-

ing disclaimed any interest in the suit, and having assigned his interest therein to Jodie McAdams, the trial court correctly held that she was entitled to the $1350, and the Court of Civil Appeals erred in holding otherwise.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered May 10, 1950.

Rehearing overruled June 7, 1950.