**H. E. WINTERS, Appellant,**

v.

**Margaret ROGERS, Appellee.**

No. 6960.

Court of Civil Appeals of Texas.

Amarillo.

May 16, 1960.

Rehearing Denied June 6, 1960.

---

Riley Strickland, Amarillo, for appellant.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellee.

CHAPMAN, Justice.

Appellee, Margaret Rogers, initiated this suit against appellant, H. E. Winters, in trespass to try title for certain property in the City of Amarillo described by metes and bounds and further described as 801 Goliad Street. Alternatively she pleaded a written sales contract between herself and Velma D. Orteli and asked for specific performance of such contract, which was by the trial court granted and appellant was ordered within 10 days to convey by deed the described property. Appellant Winters had inherited the property from Velma D. Orteli.

Even though the record shows without question and it is admitted by all parties that at the time of the filing of the suit appellee was a married woman, she nevertheless brought the suit as a feme sole, without her husband even being mentioned. It is also without question in the record that the cause of action sued upon was based upon a written contract dated September 22, 1954.

On December 15, 1958, appellant filed his pleading challenging the authority of appellee to bring the cause of action because at the time of doing so she was a married woman and her husband was not a party to the suit. On December 18, 1958, appellee by her first amended original petition admitted that at the time she filed the suit in question she was married to Arch Rogers, that several years prior to the filing of the suit he had abandoned her and on October 11, 1958 she was divorced from him. Appellant then filed his plea of limitation under the four-year statute of limitation.

It is without question in the record that more than four years had elapsed from the date of the contract sued upon and the date appellee was divorced, and that more than 4 years had elapsed from the date of the contract before she alleged either abandonment or divorce. It is also without question in the record that the property appellee was seeking to recover was community property of herself and her husband, Arch Rogers, during the full four year period from the date of the contract. It is true Mr. Rogers quitclaimed the property to appellee but only after the pleaded period of limitation had run.

The community estate, under the law of Texas, is represented by the husband. Unless the wife brings herself within one of the exceptions the right to sue for the community is vested in the husband, and by him it must be asserted unless exceptional facts are alleged in which the wife's rights and necessities require that she should receive the aid of the court entitling her alone to bring the suit. Rice et al. v. Mexican Nat. R. Co., 8 Tex. Civ.App. 130, 27 S.W. 921, 922.

In Johnson et al. v. Daniel Lumber Co., Tex.Civ.App., 249 S.W.2d 658, 660 (writ refused) the San Antonio Court of Civil Appeals held: " * * * a wife's suit for her separate property, or to contest a will, or to recover damages for the wrongful seizure and sale of her separate property,

or to reform a deed involving her separate property, any of which actions she, herself, could bring in the courts, is not barred by any statute of limitation so long as her coverture exists. *But a suit such as this, for personal injuries to her and damage to the family automobile, all of which are a part of the community property, cannot be brought by a married woman herself, but must be brought by her husband.*" (Emphasis added.)

Appellee relies upon the case of McAdams v. Dallas Railway & Terminal Co., 149 Tex. 217, 229 S.W.2d 1012, 1014. That case held, "* * * although a suit is brought by the husband or the wife as plaintiff, both are parties to the suit, and the one bringing the suit represents the other by virtue of his or her marital status." But in that case the wife alleged that her husband had abandoned her and had refused to join her in the suit, thus bringing herself within one of the exceptions entitling her to bring the suit. The Court said, "* * * under these allegations she was authorized to institute and prosecute the suit without joining her husband as a party." In the case at bar no such allegations were made. She was not a feme sole and never made any allegations entitling her to bring the suit until after the period of limitation.

The court in the Daniel Lumber Company case further said:

"If the holding has not been announced, we believe this is the proper time to announce it, that in such a case in which the disability of coverture has not yet been removed and the husband is the only party who can bring the suit, he must file such suit within the limitation period after the cause of action accrued."

Since the husband did not bring the suit within the limitation period after the cause of action accrued and the wife did not within the limitation period show her authority to do so the plea of limitation should have been sustained. These pronouncements carry the same authority as if made by the Supreme Court. Rule 483, Texas Rules of Civil Procedure; Biggers et al. v. Continental Bus System, Inc., et al., 157 Tex. 351, 303 S.W.2d 359, 364. The Supreme Court in the last-cited case said: "It will be noted that this court refused a writ of error in Blocker v. Brown Express Inc., thus giving full approval to the opinion in that case and making the opinion as authoritative as one of its own opinions." The Daniel Lumber Company case having been filed after the Texas Rules of Civil Procedure became effective and the Supreme Court having refused a writ outright (writ refused) it is necessary for us to give the same credence to the opinion as if it had been written by the Supreme Court. We believe the pronouncements therein are decisive in our case.

Accordingly, the judgment of the trial court is reversed and rendered for appellant, H. E. Winters, for title and possession as against Margaret Rogers.