STEPHEN D. MAY v. WILLIAM O. SLADE.

It is well settled, that one tenant in common may maintain an action of trespass to try title, without joining his co-tenant.

Tenants in common, must join in actions of trespass relating to the possession : that they must join in the action of trespass *quare clausum fregit*, is well settled.

Although the non-joinder of a co-tenant, can, in general, only be taken advantage of by plea in abatement, or by way of apportionment of the damages, on the trial ; yet, if the defect be apparent on the face of the petition, the objection may be taken by exception.

If the plaintiff meet such exception, by an amendment, joining his alleged cotenant, as plaintiff in the action, the joinder will not avail him, if, upon the trial, it appear that the latter had no interest or estate, at the time of instituting the suit.

If one who has a good cause of action, join in trespass *quare clausum fregit*, with one who has no cause of action, the suit cannot be sustained.

APPEAL from Bell.    Tried below before the Hon. N. W. Battle.

This was an action of trespass, brought by William O. Slade, against Stephen D. May, for cutting and carrying away timber. The petition was in the usual form, and described the plaintiff as being "the absolute legal owner of an undivided interest, of nine and one-third labors of land, out of seventeen and two-third labors;" "that he holds said lands, as tenant in common with ——— ; and that he was in the peaceable possession of said land, up to the first day of October, 1853." The trespasses were alleged to have been committed, on or about the first day of October, 1853, "and divers other days, between that day and the day of the commencement of this suit." The suit was brought on the 20th August, 1855.

At the November Term, 1855, the defendant appeared and demurred to the action, because of the nonjoinder in the petition, of the other tenant in common.

On the 16th May, 1857, the plaintiff filed an amended petition, alleging that Nathan Halbert was the tenant in common with him, in the said land, and prayed that Halbert might be

made a party co-plaintiff. At the same time, Halbert filed his petition, averring the same facts, and making the same prayer. Halbert was made a party, and the cause proceeded accordingly.

At the December Term, 1858, the cause was tried, when the jury returned a verdict in favor of Slade, for $123.58 damages, upon which, the court rendered a judgment in his favor, for the amount, and all costs, &c.

Upon the trial, the plaintiff, Slade, proved title to the amount of interest in the land claimed by him, as stated in his original petition. Halbert had no title at the institution of the suit.

The court charged the jury, that proof by Slade of title, as alleged by him, and the commission of the alleged trespasses by the defendant, entitled him to a recovery of the damages sustained; and that the mere fact, "that the parties stand before the court as joint suitors, will not bar Slade's recovery for the injury to his own land."

The defendant asked the court to instruct the jury, "that if Halbert's title-bond bears date subsequent to the institution of the suit, the jury will find for the defendant;" and, "that this suit is brought jointly, by the plaintiffs, and if it appear, from the evidence, that Slade and Halbert did not own the land, at the time of the trespasses complained of in the petition, the jury will find for the defendant." The court refused this instruction.

A motion for a new trial was filed by the defendant, assigning as grounds therefor, the instructions given by the court, and the refusal to give those asked for. The motion was overruled, whereupon, the defendant appealed, and assigned as error, the grounds contained in the motion.

*Oldham & White*, for the appellant.—Tenants in common must join in all actions for injuries to the common estate. (Merrill v. Berkshire, 11 Pick. Rep. 269 ; Gilmore v. Wilbur, 12 Id. 120 ; May v. Parker, Id. 34 ; Daniels v. Daniels, 7 Mass. Rep. 135.) In trespass *quare clausum fregit*, tenants in common

must join. (Austin v. Hall, 13 Johns. Rep. 286; Decker v. Livingston, 15 Id. 479; Low v. Mumford, 14 Id. 426.) That a tenant in common, cannot maintain an action as a co-plaintiff, with a stranger, who has no interest, we think is firmly settled by authority. The misjoinder of plaintiffs, in actions *ex delicto*, is equally fatal, as in actions *ex contractu*, and may be taken advantage of on the trial. (Glover v. Hunnewell, 6 Pick. Rep. 222.) If one who has a good cause of action, join in *trespass quare clausum fregit*, with one who has no cause of action, the suit cannot be sustained. (Murray v. Webster, 5 N. Hamp. Rep. 391.)

*John T. Flint*, for the appellee.

WHEELER, C. J.—It is settled by the decisions of this court, that one tenant in common may maintain an action of trespass, to try title, without joining his co-tenant. (Watrous v. M'Grew, 16 Texas Rep. 506; Croft v. Rains, 10 Id. 520.) And this is in accordance with the well settled doctrine of the common law. Tenants in common, are separately seised, and there is no privity of estate between them. "They are deemed to be seised *per my*, but not *per tout;* and consequently, (it is said,) they must sue separately, in actions that savor of the realty. But they join in actions, relating to some entire and indivisible thing, and in actions of trespass relating to the possession." (4 Kent, Com. 368.)

The reason assigned for requiring them to sever, in real actions, is, that "tenants in common, are of several titles, and therefore, the freehold is several; and if they are disseised, they shall be put to their several actions; as, therefore, the lands of tenants in common, are to be considered as different estates, depending on different titles, the plaintiff shall not recover, because that were to allow the plaintiff to try two several and different titles, in one issue, at the same time." (Bac. Abr., vol. 5, tit. Joint Tenants, R.) Whether that reason would require them to sever, in our practice, which admits of the trial of several issues, at the

same time, has not been decided.    It has been decided only, that
they may sever in actions, for the trial of the title, which par-
take of the nature of real actions.

But it is well settled, that they must join in actions of tres-
pass relating to the possession.    Because in actions of this na-
ture, though the estates are several, yet the damages survive to
all ; and it is deemed that it would be unreasonable, when the
damage is thus entire, to bring several actions for a single tres-
pass.    Thus, it is laid down, that " tenants in common, shall join
in actions personal, as trespass in breaking into their houses,
breaking their enclosure, or fences, feeding, wasting, or defouling
their grass, cutting down their timber, fishing in their piscary, &c.,
and shall recover jointly their damages ; because in those actions,
though their estates are several, yet the damages survive to all ;
and it would be unreasonable to bring several actions, for one
single trespass." (Bac. Abr., vol. 5, tit. Joint Tenants, R.)

That tenants in common, must join in the action of trespass,
*quare clausum fregit,* is well settled. (Austin v. Hall, 13 Johns.
286 ; Decker v. Livingston, 15 Id. 479 ; Murray v. Webster, 5
N. Hamp. 391.)    There is nothing in our practice, to require a
departure from this rule of the common law; but there is great
reason to adhere to it, to prevent multiplicity of suits, and the
inconvenience that would arise from the bringing of several suits,
and allowing several recoveries for the same trespass.    The ob-
jection of the non-joinder of the co-tenant, it is true, can, in
general, only be taken by plea in abatement, or by way of ap-
portionment of the damages on the trial.    (1 Chit. Pl. 66.)

But here the objection was apparent upon the face of the
petition, and was therefore well taken by exception.    It was
not obviated by the amendment; for although the plaintiff did
amend, by joining the alleged co-tenant, yet, it appeared upon
the trial, that the latter had no interest or estate, at the time of
instituting the suit, and consequently could not maintain the
action.    His joinder, therefore, was no answer to the plea, or
exception.    If one who has a good cause of action, join, in tres-
pass *quare clausum fregit,* with one who has no cause of action,

the suit cannot be sustained. (Murray v. Webster, 5 N. Hamp. 391.)

We are of opinion, that the court erred in holding the action maintainable by the appellee alone, and that the judgment be reversed and the cause remanded.

Reversed and remanded.