# H. T. Taylor v. Gertrude Catalon.

No. 7941.  Decided November 25, 1942.
(166 S. W., 2d Series, 102.)

*Alpha & Bronson,* of Houston, for petitioner.

On the question as to whether or not the pleadings presented a question of fundamental error. Kirkwood v. Domnan, 80 Texas 647, 16 S. W. 428; El Paso Electric Co. v. Garcia, 10 S. W. (2d) 426; Roberts v. Magnolia Pet. Co., 142 S. W. (2d) 315; 15 Tex. Jur. 596.

It was error for the Court of Civil Appeals to hold that Mrs. Catalon, after having divorced her husband in which community property rights were not adjudicated, could sue for and recover the entire amount, which were community property of the prior existing marriage, without joining the husband and a judgment not disposing of his rights was valid. Waggoner v. Snody, 98 Texas 512, 85 S. W. 1135; Power v. City of Breckenridge, 290 S. W. 875.

*Cogin & Mulitz, Irving G. Mulitz* and *A. L. Vetran,* of Houston, for respondent.

On the question of fundamental error and the sufficiency of the evidence to support the verdict. Nalle v. Eaves, 298 S. W. 449; Gist v. Tsesmelis, 153 S. W. (2d) 277; Thomas v. Chapman, 62 Texas 193.

MR. JUSTICE CRITZ delivered the opinion of the court.

This suit was tried in the District Court of Harris County, with Mrs. Gertrude Catalon as plaintiff and H. T. Taylor and Houston Electric Company as defendants. Trial was had before a jury, but at the close of the evidence the court withdrew the case as against Houston Electric Company from the jury, and entered judgment for such Company. That judgment has become final, and we are not concerned with it here. As against Taylor, the case was submitted to the jury on special issues. The jury answered such issues in favor of Mrs. Catalon, and, based on such verdict, the district court entered judgment for her and against Taylor in the sum of $1,500.00. On appeal by Taylor, this judgment was affirmed by the Court of Civil Appeals for the First District. 155 S. W. (2d) 965. Taylor brings error.

Trial in the district court was begun on Mrs. Catalon's first amended original petition. In such petition she sued Taylor for damages for personal injuries, alleged to have resulted to her on account of a collision; which collision is alleged to have resulted from the negligence of Taylor's servant, agent and employee. In this petition Mrs. Catalon alleged that she was a feme sole. She said nothing about her marriage status, past or present. At some time during this trial, Mrs. Catalon filed a further pleading, in the nature of a trial amendment, and so denominated. In this trial amendment Mrs. Catalon alleged, in substance, that she was then divorced from her husband Eddie Catalon, but that she was married to him at the time the injuries made the basis of this suit were received. Eddie Catalon did not join in this suit as a plaintiff, and he was not otherwise made a party. Taylor's answer to Mrs. Catalon's petition consisted of a general demurrer and a general denial. The case was tried and appealed before the present Texas Rules of Civil Procedure became effective. The record does not show that the general demurrer was ever presented to or ruled on by the trial court.

In response to pertinent issues, duly submitted, the jury found several acts of negligence on the part of Taylor's servant, and that each of said acts was a proximate cause of Mrs. Catalon's injuries. Also, the jury found the collision which resulted in Mrs. Catalon's injuries was not the result of an unavoidable accident.

We here quote Special Issue No. 10;

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will fairly and reasonably compensate the plaintiff for the injuries, if any suffered by her as a direct and proximate result of the collision in question, taking into consideration the following elements of damage and none other:

"1. Physical pain and suffering, if any, sustained by the plaintiff from the date of the accident to the date of this trial.

"2. Loss of earnings, if any, sustained by the plaintiff from the date of the injury to the date of this trial.

"3. Reasonable and necessary doctors' bills, if any, for treatment growing out of the injuries, if any, sustained in the collision, down to the date of this trial."

The jury answered the above quoted special issue: "$1,500.00."

Based on the above verdict, the district court rendered judgment for Mrs. Catalon, and against Taylor, for $1,500.00.

From the record we have stated it is evident that the trial court entered judgment for Mrs. Catalon for the whole amount of the damages which resulted from her injuries. It would constitute a very highly technical ruling to say that this is not true. In fact, counsel for Mrs. Catalon do not contend that she has not recovered the whole amount of damages as above indicated.

■ Damages for personal injuries, sustained by the wife during marriage, are the community property of the wife and husband. Ezell v. Dodson, 60 Texas 331; Texas Cent. Ry. Co. v. Burnett, 61 Texas 638; San Antonio St. R. Co. v. Helm, 64 Texas 147; Gallagher v. Bowie, 66 Texas 265, 17 S. W. 407; Jordan v. Moore, 65 Texas 363; Dixie Motor Coach Corp. v. Watson, 138 S. W. (2d) 314; Roberts v. Magnolia Petroleum Co., 142 S. W. (2d) 315; Id. 135 Texas 289, 143 S. W. (2d) 79.

■ Where a husband and a wife, owning community property, are divorced without the court in its decree having made any division of such property in the divorce decree, they become tenants in common in the property or joint owners thereof,

just as if they had never been married. Kirkwood v. Domnan, 80 Texas 645, 16 S. W. 428, 26 Am. St. Rep. 770.

■ In the absence of an assignment of error, the only objections that can be considered on appeal are those which are classed as fundamental. In this connection, it is also the law that if there be error on the face of the record, the court can correct it, though not pointed out by an assignment of error. Earle v. Thomas, 14 Texas 583; Kilgore v. Jordan, 17 Texas 341; Walker Moore Co. v. Wegley, 287 S. W. 298; Connor v. City of Paris, 87 Texas 32, 27 S. W. 88; Taylor v. Callaway, 7 Texas Civ. App. 461, 27 S. W. 934; Houston, E. & W. T. Ry. Co. v. Skeeter Bros., 98 S. W. 1064; Hamilton v. Kegley, 57 Texas Civ. App. 159, 122 S. W. 304; Burkett v. Wright, 293 S. W. 315.

■ Where on appeal there is no statement of facts, the court will consider such assignments of error as relate to the sufficiency of the petition to warrant the judgment; and a judgment not authorized by the petition, but in contradiction thereof, is fundamentally erroneous. Roundtree v. City of Galveston, 42 Texas 612; Frost v. Frost, 45 Texas 324; Devore v. Crowder, 66 Texas 204, 18 S. W. 501; Crawford v. McGinty, 11 S. W. 1066; Stone v. McClellan & Prince, 36 Texas Civ. App. 354, 81 S. W. 751; Petty v. Morgan, 116 S. W. 141; Buster v. Woody, 146 S. W. 689; Matthies v. Rannals, 91 S. W. (2d) 380; Womack v. First National Bank, 81 S. W. (2d) 99.

In Matthies v. Rannals, supra, the plaintiff sued a married woman on a note, and the petition disclosed upon its face that there was no personal liability. A personal judgment was rendered against the married woman. She appealed without bringing up a statement of facts. It was held that the petition would not support the judgment, and that the matter presented fundamental error. The holding was undoubtedly based on the rule of law that a judgment not authorized by the petition is fundamentally erroneous.

■ When we come to examine Mrs. Catalon's pleadings in this cause, we find that in her first amended original petition she said nothing about her marital status, past or present; she simply alleged that she was a feme sole. In her trial amendment, which must be considered as a part of her pleadings, she, in effect, alleged that at the time she was injured she was married to Eddie Catalon, but had since been divorced from

him. Her pleadings, taken as a whole, therefore affirmatively alleged that she was attempting to prosecute a cause of action for trespass or tort which, in part, one-half, she did not own. Stated in another way, Mrs. Catalon affirmatively pleaded a cause of action grounded in tort, owned one-half by herself and one-half by her former husband. The trial court awarded her judgment not only for the one-half of the cause of action which she pleaded she owned, but for the one-half which she pleaded was owned by her former husband as well. Such a judgment not only did not conform to the pleadings, but was directly and absolutely contrary thereto. It awarded Mrs. Catalon a judgment for a thing she directly and affirmatively pleaded that she was not entitled to. Such a judgment was, and is, fundamentally erroneous, and cannot stand.

■ The opinion of the Court of Civil Appeals holds that, because there is no statement of facts in this record, it can be presumed that the former husband assigned his interest in this cause of action to the plaintiff. No such assignment was pleaded. We can not sustain this holding. It is true that it is the general rule that in the absence of a statement of facts it will be presumed that the evidence supports the judgment; but such general rule is not applicable where the judgment for the plaintiff shows upon its face that it is not authorized by the petition, but is directly contradictory thereof.

■ One tenant in common or joint owner may maintain an action of trespass, to try title, without joining the other cotenant. This is because the cotenants, as regards title, are separately seized, and there is no privity of estate between them. May v. Slade, 24 Texas 205; Watrous v. McGrew, 16 Texas 506; Croft v. Rains, 10 Texas 520. This rule, however, does not obtain in actions of trespass to recover damages arising from a trespass or tort. In such a case all the joint owners or tenants in common should be made parties to the suit. This rule is grounded on the fact that the law abhors a multiplicity of suits, and the further fact that, though the estates of the cotenants or joint owners are several, yet the damages survive to all; and it would be unreasonable to allow several actions for damages for one single trespass. May v. Slade, supra; Houston & Texas Central R. Co. v. Knapp, 51 Texas 592; Cummings v. Masterson, 93 S. W. 500.

It is held that the failure to make all the cotenants or joint owners of a cause of action for damages parties to the suit

can only be taken advantage of by plea in abatement, or by way of apportionment of the damages on the trial. May v. Slade, supra. It appears from this record that Taylor filed no pleading of any character wherein he objected to Mrs. Catalon's prosecuting this suit without the joinder of a former husband. Under such a record Taylor waived his right to have the whole damages here involved adjudicated in this suit, and allowed Mrs. Catalon to prosecute it alone as to the part of damages owned by her. Such waiver, however, did not, and could not, operate to vest Mrs. Catalon with title to this entire cause of action. Nor did it vest her with the right to recover in her own right on the one-half which she in effect expressly and affirmatively alleged in her petition that she did not own, and had no right to recover on.

It can not be said that the failure of Taylor to ask the court to apportion the amount of these damages between Mrs. Catalon and her former husband in the trial court is fatal to his right to object to her recovery of her former husband's property. The former husband was not made a party, and his right could not be adjudicated. The opinion in the Knapp case, supra, which seems to hold that the damages could have been apportioned between the joint owners there, is not in point here. There it was in effect held that the surviving widow, in possession of the community homestead, had such an interest in the community estate of herself and her deceased husband as authorized her to sue along for the damages to such homestead, caused by overflow after the husband's death. In the case at bar the plaintiff had no right to sue alone for the one-half of this cause of action which she affirmatively pleaded was the property of her husband.

Finally: "Since the office of pleadings is to define the issues to be tried, and since pleadings are matter of record as distinguished from matter of evidence, an adversary's pleadings are not required to be introduced in evidence in order to obtain the benefit of any admissions therein. For the same reasons, what is alleged in the pleadings on which the trial is had is conclusive against the pleader." 33 Tex. Jur., p. 647, sec. 191, and authorities there cited. Under this rule, since Mrs. Catalon pleaded facts showing that she only had a one-half interest in this cause of action, it is not necessary for us to have a statement of facts before us in order to determine that she can not recover for the whole of it. The pleadings on

which she filed this case and on which it was tried are matters of record, and under the above rule she is bound thereby.

Since the judgment of the district court shows that Mrs. Catalon has been allowed to recover a judgment just exactly double that which her pleadings will justify, it is ordered that the judgments of the Court of Civil Appeals and district court be reversed and set aside; and judgment is here now rendered for Mrs. Catalon, and against H. T. Taylor, for $750.00, with six per cent. interest per annum thereon from the date of the original judgment in the district court, February 24, 1941.

Opinion delivered November 25, 1942.

MR. CHIEF JUSTICE ALEXANDER, dissenting.

I am not in accord with the holding in the majority opinion.

The plaintiff, who was divorced from her former husband, brought suit and recovered damages for personal injuries sustained by her at a time when she was a married woman.

The defendant's sole contention here is that although plaintiff was divorced at the time of the trial, she was a married woman at the time the cause of action accrued; and since her former husband did not join in the suit, it was error for the court to render judgment in her favor for the full amount of the damages sustained by her.

The defendant did not file any plea in abatement or any exception to the pleading, setting up the lack of necessary parties, nor did he otherwise object to proceeding to trial under the pleadings as they were. It is true that he filed a general demurrer to plaintiff's petition, but this plea was not called to the attention of the court, and was therefore waived. There was no objection to the charge, nor was there any request that the court limit plaintiff's recovery to one-half of the amount of the jury verdict. The first and only time that the defendant raised the question of nonjoinder of parties in the trial court was by an assignment in the motion for new trial, to the effect that the plaintiff's husband was a necessary party to the suit. There was no assignment in the motion for new trial that the judgment was excessive or that the trial

court erred in failing to properly apportion the damages. No statement of facts was brought up with the record. ·

I concede that damages recoverable for personal injuries sustained by the wife during marriage are community property, and upon dissolution of the marriage by divorce the cause of action for such damages was owned jointly by the plaintiff and her former husband.

Since the plaintiff's former husband was a joint owner of any proceeds that might be recovered for the injuries suffered by her, he was a necessary party to an action to recover such damages, in the sense that his rights therein could not be adjudicated without his presence in the suit. He was not a necessary party, however, in the sense that no judgment could be rendered adjudicating her rights without his presence. The rule in this respect in this State is announced as follows:

"In actions ex contractu a nonjoinder of parties interested in the cause of action is fatal, whether or not the defect of parties be pleaded in abatement; but in actions ex delicto it seems such nonjoinder is available only upon plea in abatement, or by way of apportionment of damages on the trial." Hughes-Buie Co. v. Mendoza (Tex. Civ. App.), 156 S. W. 328.

See also May v. Slade, 24 Texas 205; Houston & Texas Cent. R. R. Co. v. Knapp, 51 Texas 592; Cummings v. Masterson, 42 Tex. Civ. App. 549, 93 S. W. 500; 1 Chitty on Pleadings, 16 Am. Ed., 98; 32 Tex. Jur. 46.

In May v. Slade, supra, it was said:

"That tenants in common, must join in the action of trespass *quare clausum fregit,* is well settled. Austin v. Hall, 13 Johns. 286; Decker v. Livingston, 15 id. 479; Murray v. Webster, 5 N. H. 391. There is nothing in our practice, to require a departure from this rule of the common law; but there is a great reason to adhere to it, to prevent multiplicity of suits, and the inconvenience that would arise from the bringing of several suits, and allowing several recoveries for the same trespass. The objection of the non-joinder of the co-tenant, it is true, can, in general, only be taken by plea in abatement, or by way of apportionment of the damages on the trial. 1 Chit. Pl. 66."

· In Houston & Texas Cent. R. R. Co. v. Knapp, 51 Texas 592, 600, it is said:

"If at the time of these overflows she was not the sole owner of the land injured, but owned the same jointly with the heirs of her deceased husband, the non-joinder of her cotenants could only be taken advantage of by plea in abatement or by way of apportionment of damages. (May v. Slade, 24 Tex. 208; 1 Redf. on Railw., secs. 9, 21; Wood on Nuisances, ch. 27.)

\* \* \* \* \* \* \*

"No charge was asked limiting plaintiff's recovery for permanent damages to the land according to her estate or interest, and thus apportioning the damages."

In the case at bar the defendant did not object to the non-joinder of the former husband by plea in abatement nor by exception to the pleadings. Neither did he request the apportionment of the damages on the trial. In his motion for new trial he presented no assignment that the judgment was excessive nor that the court erred in failing to apportion the damages. His only assignment was that the judgment was erroneous because plaintiff's former husband was not a party to the suit. He was not a necessary party to the action by her to recover whatever damages she had suffered, and the assignment was not sufficient to call the court's attention to the excessiveness of the judgment. If he had called the matter to the attention of the trial court, doubtless the court would have granted the relief requested; but having failed to do so he waived the right to have the damages apportioned.

Moreover, the plaintiff in her petition asserted a right to recover the whole of the damages. The sufficiency of her pleadings for this purpose was not challenged by any exceptions. She was not required to plead the evidence showing her right to recover the damages sought by her. There was no statement of facts filed on appeal, and in the absence thereof it will be presumed that the evidence supported the judgment; and, as said by the Court of Civil Appeals, that she established the right by proof of an assignment, or otherwise, to recover the whole of the damages. Thomas v. Chapman, 62 Texas 193; Gist v. Tsesmelis (Tex. Civ. App.), 153 S. W. (2d) 277.

In my opinion the defendant should not be permitted to raise, for the first time, in the Court of Civil Appeals the excessiveness of the judgment.

Opinion delivered November 25, 1942.