## DALLAS RAILWAY & TERMINAL CO. v. McADAMS.

### No. 14151.

Court of Civil Appeals of Texas. Dallas.
Dec. 23, 1949.

Rehearing Denied Jan. 13, 1950.

Burford, Ryburn, Hincks & Ford and Howard Jensen, all of Dallas, for appellant.

W. J. Durham and C. B. Bunkley, Jr., both of Dallas, for appellee.

CRAMER, Justice.

Frank McAdams filed this suit March 8, 1945 for damages growing out of an accident to his then wife, Jodie McAdams, alleging that she was injured by the rear door of one of appellant's street cars on October 28, 1944.

On April 17, 1946 Jodie McAdams made a motion for permission to prosecute the suit in her own name; that her name be substituted in place of that of Frank McAdams; setting up as reason therefor that her husband had deserted her and refused to prosecute the suit either in his own name or jointly with her. Her motion was granted April 17, 1946. Upon the trial, which began January 24, 1949, it was undisputed that appellant and her former husband, Frank, had been divorced about a year prior thereto. The verdict for personal injuries, pain, suffering, etc., was for $1,350. Thereafter, before judgment, appellant made a motion to apportion the $1,350 between appellee and Frank, who was not then a party to the suit. The motion was overruled and judgment rendered for appellee for $1,350 on April 9, 1949.

Appellant, among other assignments in its motion for new trial, complains of the error "in rendering judgment for Jodie McAdams for $1,350 and in overruling defendant's motion in which it asked the court, in the alternative, to render judgment for Jodie McAdams for only one-half of the damages found by the jury, to wit $675.00."

On this appeal the only assignments briefed are as to the amount of the judgment in excess of $675.

Appellant relies on the case of Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102, by the Supreme Court. In that case the defendant in error and her former husband were divorced prior to the time she filed suit. The community status had, therefore, been dissolved before the filing of the suit and she and her former husband were, prior to the filing of the suit, tenants in common of the cause of action sued on. She therefore, could not sue in her name for that which she did not own, but was owned by her former husband, without her former husband being a party to the suit. The only distinction between that case and the one here is that the parties here were still married at time suit was filed; the wife later being substituted as the sole party-plaintiffs; then, later, divorced; all prior to the trial on the merits. Under these facts, appellee, during the marriage to Frank McAdams, maintained this cause of action for the community. But after the divorce, Jodie and Frank became tenants in common in the cause of action, and since one tenant in common is not entitled to recover for another tenant in common, without such other tenant in common being a party to the suit, Jodie, at the time of the trial, could maintain the suit and recover only for her interest in the cause of action, to wit: one-half of same. Taylor v. Catalon, supra.

Appellee, however, now contends that notwithstanding the record at the close of the evidence and at the time the jury was discharged, that she actually owned, by assignment, her former husband's one-half interest. Evidence to that effect was introduced on the hearing of the motion to ap-

portion,—over appellant's objection. After the objection was overruled, appellant introduced evidence raising a question of fact on the assignment.

■ Appellant asserts by its last point that the portion of the judgment rendered on evidence introduced over its objection, after verdict and at the time the motion for judgment was heard, is error.

Rule 270, Texas Rules of Civil Procedure, provides as follows: "At any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice. Provided in a jury case no evidence on a controversial matter shall be received after the verdict of the jury."

The evidence on the assignment, being controverted, was improperly admitted after the jury had been discharged under this rule.

Under the holding by the Supreme Court in Taylor v. Catalon, supra, the judgment below should therefore be, and it is, here reformed so as to award appellee the sum of $675 plus costs in the trial court up to and including the entry of the judgment.

Reformed and affirmed.

BOND, C. J., dissents.

BOND, Chief Justice (dissenting).

Due to the opinion of our Supreme Court in Taylor v. Catalon, 140 Tex. 38, 166 S.W. 2d 102, I reluctantly dissent from the majority in reforming the judgment of the court below, allowing appellee only one-half of the amount she recovered (as found by the jury) for her own injuries, *past and future,* resulting from appellant's negligence. This appeal presents, basically, a different situation, if need be, as reflected in the case of Taylor v. Catalon, with the late Chief Justice Alexander dissenting. In that case, Mrs. Catalon instituted suit as a feme sole, alleging that she and her husband were then divorced, but were married at the time she received the injuries. Her divorced husband did not institute the suit, as here, or join therein as plaintiff; and was not otherwise made a party and took no part in the proceedings. She sought damages for herself, for (1) physical pain and suffering from date of the accident to date of trial; (2) loss of earnings sustained by her from date of injury to date of trial; (3) doctor bills for treatment of her injuries to date of trial. On the issues thus submitted the jury awarded Mrs. Catalon damages in the sum of $1,500; accordingly the trial court entered judgment. On appeal to the Court of Civil Appeals, the judgment was affirmed, 155 S.W.2d 965; writ of error was granted and our Supreme Court as then constituted (three members) by a divided court reformed the judgment of the trial court and Court of Civil Appeals by apportioning to Mrs. Catalon one-half of her recovery, and the other half to her divorced husband, on the theory of fundamental error,—in absence of allegation of her husband's interest, or plea of nonjoinder of parties, or plea in abatement, or any exception to the pleadings setting up lack of necessary parties, or otherwise urging objections in the proceeding to trial under the pleadings as framed.

In the case at bar, on March 8, 1945, appellee's husband, Frank McAdams, instituted this suit in his own name for damages sustained by his wife—which she suffered from date of injury up until *the filing of the suit,* and nothing more, other than doctor bills, hospitalization, medicine for which *he had theretofore paid,* and for such further doctor bills, hospital bills and medicine, past, present, and future, as *he shall have to pay.* On April 17, 1946, after appellee Jodie McAdams, the injured party, made application under the statute, alleging that her husband, since the date of the filing of the suit, had deserted her and refused to prosecute the suit, either in his name or jointly with her; and, to avoid irreparable injuries which she had received and *will receive* in the future through the negligent acts of the defendant, she asked the court "that she be allowed to prosecute this cause and that her name be substituted for that of Frank McAdams as plaintiff." On the application, to which the defendant urged no objection or exception, and, so far as this record reveals, without the knowledge or acquiescence of Frank McAdams, the trial court, on the same day (April 17, 1946)

granted Jodie McAdams the right to prosecute the suit for her injuries, in her own name, as the aggrieved party, substituting her in place of her husband. Frank McAdams was not thus eliminated from the suit by any order of the court.

On May 24, 1946, Jodie McAdams filed an amended petition "in lieu of all other petitions heretofore filed in said cause," alleging a cause of action in her own right, for her injuries, not only to date of the filing of the suit as her husband had theretofore done, but for subsequent pains in her back, kidneys and ovaries, which she shall suffer during her life expectancy of 36.73 years. And, in the prayer, asked judgment in her favor for her actual damages, *past, present and future,* and "for such other relief, special and general, in law or in equity, to which she may be entitled in the premises."

To the aforesaid petition the defendant urged several special exceptions, general in nature. Pertinent here: Exception No. 1 "That plaintiff's cause of action, if any, is the community property of herself and her husband, Frank McAdams, who is a necessary party to this suit and is not joined herein"; exception No. 2: that plaintiff's petition failed "to show that plaintiff's husband has abandoned her without her fault, and therefore, this petition fails to show that plaintiff has the right to bring this suit for recovery of community property without the joinder of her husband"; otherwise the defendant entered general denial. The aforesaid special exceptions were not presented to the trial court; in consequence, the court made no order; and, if same can be considered pleas in abatement or nonjoinder of parties, appellant having offered no evidence on the issues and the trial court having failed to act on the exceptions, same were effectively waived. Houston & Texas Central R. Co. v. Knapp, 51 Tex. 592.

In the light of such pleadings, on January 24, 1949, the cause came on for trial, and near the first part of plaintiff's testimony she was asked by her attorney: "Q. Were you hurt on or about the 28th day of October 1944? A. Yes, sir, I was.

"Q. Were you married at that time? A. Yes, sir, I was.

"Q. What was your husband's name? A. Frank McAdams.

"Q. I believe you separated and got a divorce? A. Yes, sir.

"Q. And the court permitted you to prosecute this suit without him? A. Yes, sir." On cross examination defendant's counsel did not follow plaintiff's marital status, or as to what disposition was made by the divorce court of the community property. The defendant, however, did elicit information that her former husband, Frank McAdams, was then in the court room; he was not called to testify. At the conclusion of all testimony, without defendant's objection or exception, the trial court submitted to the jury special issues raised by plaintiff's pleadings on primary and contributory negligence, which were answered in favor of the plaintiff. And to special issue No. 25, reading: "What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will reasonably *compensate the plaintiff, Jodie McAdams* for her physical pain and suffering, if any, in the past, and for her physical pain and suffering, if any, *in the future,* if you find there will be any in the future, and for medicine in the past, if you find there has been any in the past, and *in the future,* if you find there will be any in the future, resulting directly and proximately from the injuries, if any, sustained by the plaintiff, Jodie McAdams, on the occasion in question?" the jury answered $1,350.00. (Emphasis mine.) Manifestly, such award may have been for plaintiff's future physical pain and suffering, and for future medicine, doctor bills, and hospitalization which she shall have to pay during her lifetime.

Subsequently, and before the trial court entered judgment on the findings of the jury, the defendant, for the first time, raised the question, in motion non obstante veredicto, that plaintiff's cause of action was community of Frank McAdams and his former wife; hence the $1,350 should be apportioned to plaintiff only to the extent of her interest in said cause of action,

namely, one-half or $675. The trial court overruled the motion.

The rule is pronounced in this State, brought forward by Chief Justice Alexander in Taylor v. Catalon, supra, that [140 Tex. 38, 166 S.W.2d 106] "In actions ex contractu a nonjoinder of parties interested in the cause of action is fatal, whether or not the defect of parties be pleaded in abatement; but in actions ex delicto it seems such nonjoinder is available only upon plea in abatement, or by way of apportionment of damages on the trial." Citing "Hughes-Buie Co. v. Mendoza, Tex. Civ.App., 156 S.W. 328, 330. See, also May v. Slade, 24 Tex. 205; Houston & Texas Cent. R. Co. v. Knapp, 51 Tex. 592; C. R. Cummings & Co. v. Masterson, 42 Tex.Civ.App. 549, 93 S.W. 500; 1 Chitty on Pleadings, 16 Am.Ed. 98; 32 Tex.Jur. 46." Thus it will be seen from plaintiff's petition that she sought recovery for her damages. Frank McAdams was in court and evidently knew of the nature and extent of plaintiff's suit then on trial, she suing for her rights; and the defendant also well knew of his presence and the nature of her suit. Thus the trial and judgment would forever bar Frank McAdams from any claim, if any he might have had, against the defendant. In law, as to him, the doctrine of res adjudicata would have application,—he was effectively a party to the suit. Then, too, the defendant, having silently sat by without request for apportionment of the damages, and having failed to object to a nonjoinder of the former husband by plea in abatement, or by exception to the pleadings, waived its right to have the damages apportioned, even if it could be said that Frank McAdams had an interest in the cause of action for plaintiff's future pains and sufferings after the divorce was granted.

The damages assessed on findings of the jury were for "past, present or future" pain which Jodie McAdams had suffered and shall have to bear through life; hence, in absence of any evidence or request timely made in the court below for apportionment of her damages, there is no basis for assignment of error to the action of the trial court in overruling defendant's motion for a new trial, or the failure of the trial court to apportion plaintiff's recovery.

In the case of Houston & Texas Cent. R. Co. v. Knapp, 51 Tex. 592, Mrs. Knapp instituted suit for damages to her land occurring before and after her husband's death, by overflow of water, as the result of the construction of an embankment by the railroad company. The defendant interposed merely a general exception and general denial. No charge was asked, as here, limiting plaintiff's recovery, or to apportion the recovery to the heirs owning an interest in the land. In that case, our Supreme Court held: "If at the time of these overflows, she (plaintiff) was not the sole owner of the land injured, but owned the same jointly with the heirs of her deceased husband, the nonjoinder of her co-tenants could only be taken advantage of by plea in abatement or by way of apportionment of damages (May v. Slade, 24 Tex. [205], 208; 1 Redf. on Railw., secs. 9, 21; Wood on Nuisances, ch. 27)." It will be seen in Shepard's Compilation of Texas Cases that the above holding has never been reversed. It stands today as a fair and just Rule of law. Our Supreme Court, in Taylor v. Catalon, supra, though seemingly in conflict, did not reverse the holding, but evidently considered it a distinguishing factual background.

I am of the opinion that the record here evinces the trial court considered that plaintiff's recovery of $1,350 was limited to her damages, independent of any rights of her former husband. Furthermore, had the question of nonjoinder or abatement been timely presented, plaintiff may have shown that her former husband, in fact, had no present interest in the suit; and, certainly, his presence at trial estops him from claiming any such interest; and if he was not then a party to the suit, his interest, if any, was barred by the statute of limitation.

On motion for non obstante veredicto, and again in motion for new trial, the defendant raised for the first time the issue of apportionment of the judgment. Plaintiff countered that Frank McAdams, before the rendition of the judgment, had executed, in form and manner required by

law, a written transfer and assignment of all of the interest that he may have had in the law suit to the plaintiff, confirming a prior oral assignment. On the issue thus having been raised, and it clearly appearing to be necessary to the due administration of justice, such assignment or transfer of interest from Frank McAdams to the plaintiff not being controverted in pleadings or evidence, the trial court permitted additional evidence to be offered on the belated issue. On hearing, the evidence was uncontroverted, and the trial court expressly found such to be true; overruled defendant's motions and sustained plaintiff's motion for judgment.

Under Rule 270, Texas Rules of Civil Procedure, quoted in full in the majority opinion, and the objective of the rules promulgated by our Supreme Court in furtherance of obtaining "a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law", Rule 1, id., the trial court was clearly within its power to receive, after verdict, the matter not controverted, thus establishing the assignment or transfer of whatever community, or otherwise, rights Frank McAdams may have had in the suit.

The judgment of the trial court should be affirmed, or, at least, reversed and remanded that the plaintiff may further establish the full extent of her rights as they evidently were, according to the verdict of the jury and the judgment of the trial court.