## CUNNINGHAM v. LANKFORD.

### No. 4948.

Court of Civil Appeals of Texas. El Paso.

May 6, 1953.

Rehearing Denied June 3, 1953.

Thomas L. White, Monahans, for appellant.

J. H. Starley, Pecos, for appellee.

McGILL, Justice.

The trial court sustained defendant's plea in abatement (in fact a plea in bar) and dismissed plaintiff's suit. Plaintiff has perfected her appeal.

Plaintiff's first amended original petition on which the suit was tried alleged that on November 30, 1951, plaintiff and defendant Ulis Roy Lankford entered into a contract whereby defendant was to convey to plaintiff all his rights, title and interest in a part of G. & M. M. B. & A. Survey Section 51, Block N, Abstract 60, particularly describing such property, and that as consideration therefor plaintiff agreed to pay defendant $350 cash and to convey to him her undivided interest in a portion of Lot 7 of the Hutchins Joint Stock Association 3rd Subdivision to the City of Monahans, in Ward County, Texas, and to transfer to him all her right, title and interest in a certain vendor's lien note payable to the order of defendant in the approximate sum of $1,500, and to an automobile which was in possession of defendant; that on November 30, 1951, plaintiff paid defendant the $350 cash and on or about February 4, 1952 she tendered to him a deed conveying her interest in said Lot 7, and offered to transfer to him her interest in the said vendor's lien note and automobile, and requested that he convey to her the property in Survey 51 above described, but that defendant failed and refused and still refuses to convey such

property to her. She made Rosa Nell Lynch a party to the suit, and alleged that on or about April 15, 1952, defendant Lankford conveyed the property he had contracted to convey to her, to Rosa Nell Lynch, with the intent to hinder, delay and defraud her. She prayed that the conveyance to Rosa Nell Lynch be set aside, and for specific performance of her contract with defendant Lankford.

Rosa Nell Lynch answered that she held the property in trust for defendant Lankford, and the defendants moved the court to abate the suit and dismiss same .

"because the plaintiff's petition shows on its face that same is res adjudicate and that all matters before the Court were determined in Cause #7439 by judgment render—in this Honorable Court on Feb. 5, 1952, which appears in Vol. 12, p. 167–168 of the minutes of this Court."

■ It will be noted that nowhere in plaintiff's first amended original petition, on which the cause was tried, is any reference made to cause No. 7439 referred to in the so-called "plea in abatement". Therefore, it cannot be true that plaintiff's petition shows *on its face* that all matters before the court were determined in cause No. 7439. However, we assume that the trial court could take judicial notice of cause No. 7439, which was tried in that court and that the judgment in that case was before him. The pleadings and evidence in that cause were introduced in evidence in the present suit. From these it appears that cause No. 7439 was a suit for divorce, instituted by plaintiff in this suit against defendant Lankford, who was then her husband. In that suit she alleged that all the property above described was community property of the parties and she prayed for a divorce dissolving the marriage between her and defendant, and that the community property of the parties be equitably divided and apportioned among them. It also appears from her testimony in cause No. 7439 that the contract which she now seeks to specifically enforce was the result of a property settlement agreed upon by her and defendant, who was then her husband, in the event a divorce should

be granted. There is no contention that the settlement was promotive of divorce and therefore void because against public policy. We quote the following from plaintiff's testimony in cause No. 7439:

"Q. Mr. Lankford has, of course, failed to execute the property settlement agreement (speaking to Court) and I don't know what to do about that, Judge. I think he will after the divorce is granted, I think he will sign it and send it back together with a deed to the home, as he agreed to do so, and we will carry out our bargain. Mr. Rawlins is here to sort of handle Mr. Lankford's part of the property affairs of the community, and he knows of the agreement that was made. Of course, he has no control over Mr. Lankford executing the agreement as he promised to do. Mr. McNerlin also is a witness to the property agreement, and we would like possibly for the property issue in this case not to be decided at the present time, but left in a status so it can be reopened later if Mr. Lankford failed to voluntarily agree to the settlement which he has made."

In the decree of divorce the court finds that the parties owned all the property above described as community property. The decree then provides:

"The parties hereto are declared to be tenants in common in all of such property until such time as the Court may approve a voluntary property settlement agreement by and between the parties or until such time as the community property issue may be adjudicated herein."

These are the only provisions of the decree relating to the property. We think it clear that the court in cause No. 7439 did not adjudicate a division of the community property described in that suit. The judgment adjudicated nothing with reference to the property other than the decree of divorce would have done had no reference to the property been made. The effect of the decree was to change the status of the property from community property to that of a joint estate held by the parties as tenants

in common. Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; 15 Texas Jur. p. 596, Sec. 117. What the court said in reference to the property did no more than this. Therefore, there was no adjudication as to the division of the property, in fact, we think that it is apparent that the intent and purpose of the judgment was to dismiss plaintiff's prayer for an "equitable apportionment and division" of the community property. Hence, since the judgment of divorce did not adjudicate any division of the property here involved, it was not and is not res adjudicata of the agreement of the parties for a division thereof. The trial court erred in sustaining the so-called plea in abatement, and dismissing plaintiff's suit, and the judgment is therefore reversed and the cause remanded.