**Mary Jane Smith FOX, Appellant,**

v.

**Lilly SMITH et al., Appellees.**

**No. 5469.**

Court of Civil Appeals of Texas, Waco.

Nov. 20, 1975.

Tom Sneed, Odessa, for appellant.

Bill McGowan, H. B. Virgil Crawford, Brownfield, for appellees.

HALL, Justice.

This suit was brought against the trustees of an employees' profit-sharing retirement trust by the sister of a deceased employee, the former (divorced) wife of the employee, and his surviving wife, for benefits under the trust. The sister claims as the employee's designated beneficiary of the benefits; the former wife claims as joint owner thereof; and the surviving wife claims as community survivor. After a hearing without a jury, the court divided the benefits equally between the sister and the former wife, but ordered that the trustees' attorneys' fees of $875 be paid from the trust account before distribution. Only the sister appeals. We affirm.

There is no dispute in the material facts. Waymon Smith married the appellee, Lilly Smith, on August 26, 1957. They were divorced on June 5, 1969. The judgment of divorce is silent as to their property or its disposition. Waymon married Dorothy Jean soon after his divorce from Lilly. This

marriage continued until his death on August 25, 1972. For a period extending from sometime in 1958 into 1968, Waymon was employed by Goodpasture Grain And Milling Company, Inc., and thereby participated in a profit-sharing retirement plan wholly funded by Goodpasture for its employees. The plan is administered in the form of a trust for the benefit of the employees. The first contribution to Waymon's account was made by Goodpasture in June, 1958; and the last one was made in June, 1968. On September 30, 1958, Waymon, in writing, designated the appellant, Mary Jane Smith Fox, his older sister, as the beneficiary of his benefits under the trust in the event of his death before distribution. The balance of Waymon's account immediately after the last contribution thereto by Goodpasture, in June, 1968, was $10,855.77. This was also the balance at the time of Waymon's divorce from Lilly and his marriage to Dorothy Jean, in June, 1969. When Waymon died in August, 1972, the balance was $15,-524.13. No benefits have ever been paid from the account. At the time of trial in October, 1974, the balance was $20,397.49. With the exception of a very small amount which fits within the rule *de minimis non curat lex*, the growth of the account from the time of the termination of Waymon's marriage to Lilly resulted solely from earnings of the account. According to the provisions of the plan, an employee's interest therein becomes vested "after five (5) full years of employment"; and the benefits in question became payable upon Waymon's death. All parties have always been residents of Texas.

■ The trust agreement shows by its terms that the plan was established and funded by Goodpasture as an incentive for, and as additional compensation for, "loyal and efficient service" by its employees. Payments of this nature are not gifts or donations to an employee, but are "as much a fruit of his labors as his regular wages and salary." *Lee v. Lee*, 112 Tex. 392, 247 S.W. 828, 833 (1923); *Herring v. Blakeley* (Tex.Sup., 1965), 385 S.W.2d 843, 846. At all pertinent times it was the law in Texas, as it is now, that wages of the husband and wife are community property; and that all property possessed by the spouses at the time of dissolution of their marriage is presumptively community property. Arts. 4613, 4614, 4619, Vernon's Tex.Civ.St. See, now, V.T.C.A., Family Code, §§ 5.01, 5.02. It was and is also the rule that, after divorce, the spouses are tenants in common or joint owners of community property of which division is not made in the divorce decree. *Taylor v. Catalon*, 140 Tex. 38, 166 S.W.2d 102, 104 (1942); *Busby v. Busby* (Tex.Sup., 1970), 457 S.W.2d 551, 554. Under these rules, Waymon and Lilly became joint owners, equally, of the trust fund in question at the time of their divorce. Any subsequent earnings by the fund would also be equally theirs. The trial court's award of one-half of the total account to Lilly was correct.

■ This suit was originally filed by Mary Jane, Lilly, and Dorothy Jean as co-plaintiffs against the trustees for a division of the trust account. Later, their claims became antagonistic and they filed separate petitions for the funds. Without detailing the trustees' answer to these claims, we believe the trial court correctly held that it qualifies as a bill of interpleader within the provisions of Rule 43, Vernon's Texas Rules Civ.Proc.[1] In it, the trustees prayed for

---

1. Rule 43. *Interpleader.* Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in any other rules.

their attorneys' fees. By stipulation of the parties, the attorneys' fees allowed the trustees is reasonable. Only the right of recovery is questioned.

The innocent stakeholder in an interpleader action in Texas is entitled to reasonable attorneys' fees, to be paid out of the impleaded fund. *United States v. Ray Thomas Gravel Company* (Tex.Sup., 1964), 380 S.W.2d 576, 581.

The judgment is affirmed.