IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00339-CV

 

Theron Belton,

                                                                      Appellant

 v.

 

Conagra Poultry Co.,

                                                                      Appellee

 

 

 



From the 278th District Court

Madison County, Texas

Trial Court No. 01-9649-278-10

 



MEMORANDUM  Opinion



 

          Appellant Theron Belton, a state
prison inmate, sued ConAgra Poultry Company (ConAgra) and the Texas Department
of Criminal Justice, Institutional Division (TDCJ).[1] 
Belton alleges that he was injured when he bit into a piece of chicken that
contained a piece of metal.  The trial court granted ConAgra’s motion for
summary judgment, and Belton filed a notice of appeal.

          We sent a letter to Belton, advising
him that his appeal was subject to dismissal for want of jurisdiction (because
he appeared to be appealing a non-appealable interlocutory order) and that the
Court may dismiss his appeal unless, within 20 days from the date of the
letter, a response was filed showing grounds for continuing the appeal.  It is
clear from Belton’s response and from his related mandamus proceeding that his
claims against TDCJ remain in the trial court and that ConAgra’s summary
judgment order has not been severed so as to make it final.

As a general rule, an appeal may be taken only
from a final judgment.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001).  This court has jurisdiction over an interlocutory appeal only
when expressly provided by statute.  Stary v. DeBord, 967 S.W.2d 352,
352-53 (Tex. 1998).  Here, the summary judgment order complained of is
interlocutory because it does not dispose of all parties and claims asserted in
the cause below.  See Lehmann, 39 S.W.3d at 205 (an order or judgment is
final when it disposes of all parties and claims).

An appealable judgment traditionally is one that
disposes of all parties and issues in a case.  See id.  A severance is
generally required to obtain appellate review of a judgment that does not
dispose of all parties or issues.  In re T.L.S., 143 S.W.3d 284, 287-88
(Tex. App.—Waco 2004, no pet.); see Diversified Fin. Sys., Inc. v. Hill,
Heard, O’Neal, Gilstrap & Goetz, 63 S.W.3d 795, 795 (Tex. 2001)
("As a rule, the severance of an interlocutory judgment into a separate
cause makes it final.").  In the absence of a severance, the parties to a
summary judgment order that does not dispose of all claims and parties
generally must await a final judgment before that order can be appealed.[2]

We conclude that we have no jurisdiction over
this interlocutory appeal, and we dismiss it for lack of jurisdiction.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray concurring)

Appeal
dismissed

Opinion
delivered and filed November 30, 2005

[CV06]








 









    [1]       Because
of a related mandamus proceeding, we are familiar with Belton’s claims.  See
in re Belton, No. 10-05-00285-CV, 2005 WL 2300366 (Tex. App.—Waco Sept. 21, 2005, orig. proceeding).





    [2]       The
concurring opinion misstates our action in this case and its effect on our
precedent.  In this case, no party contends that the trial court intended to
dispose of the whole case by granting ConAgra’s summary judgment motion. 
Further, there has been no severance that would make the summary judgment final
and appealable.  No uncertainty exists in this case.  Rather, this
interlocutory appeal of a non-appealable order appears to have occurred because
the district clerk, in a letter transmitting the summary judgment to the
parties, mistakenly stated that the summary judgment was a “final Judgment” and
that “no other action will be taken on this case by this Court.”  In an
appropriate case, abating an appeal to allow the trial court to clarify its
intent or to make a judgment final and appealable remains a proper procedure.  See
Lehmann, 39 S.W.3d at 206; see, e.g., Harrison v. TDCJ-ID, 134
S.W.3d 490, 491-92 (Tex. App.—Waco 2004, order).








#160;        (b)  The suit may be brought by either former spouse.
            (c)  The suit must be filed before two years after the date on which a former spouse
unequivocally repudiates the existence of the ownership interest of and communicates
that repudiation to the other spouse . . . .
       The parties were divorced by judgment of the District Court of Navarro County, Texas,
effective May 8, 1990, in which judgment the court purported to make a division of the community
property belonging to the parties; however, the judgment did not mention nor divide community
rights in the 1989-1990 wheat crop or the 1990 grain-sorghum crop.
      Mr. Phillips states in his affidavit attached to his Motion for Summary Judgment that the 1989-1990 wheat crop was planted with community funds in the fall of 1989 (prior to the divorce
judgment).
      In the same affidavit Mr. Phillips stated that he did not begin seed-bed preparation for the 1990
grain-sorghum crop until May 15, 1990, and that the grain-sorghum crop was not planted until May
21 through May 27, 1990. However, he certified in his Application for Disaster Credit to the
United States Department of Agriculture that he disked the land twice and planted the grain crop
in April 1990 (prior to the divorce judgment).
      Accordingly, on May 8, 1990, the date the divorce decree was effective, both the wheat and
grain-sorghum crops were in existence and were community assets which were not divided in the
divorce judgment.
      Mrs. Phillips filed her original petition to partition the net proceeds from the 1989-1990 wheat
crop and the 1990 grain-sorghum crop on April 14, 1994, pursuant to Sec. 3.90 of the Texas
Family Code and Sec. 23.001 of the Texas Property Code.
      Appellee Mr. Phillips, in his Motion for Summary Judgment, contended that the suit was
barred by the two-year statute of limitations provided for in Sec. 3.90 of the Texas Family Code
by reason of the fact (he asserts) that he had unequivocally repudiated Mrs. Phillips’s claim for
partition of the wheat and grain-sorghum crops more than two years prior to the date Appellant
Mrs. Phillips filed suit. Mr. Phillips made summary judgment proof claiming the repudiation
occurred on September 24, 1990. Mrs. Phillips originally filed suit on April 14, 1994.
      There is a lot of summary judgment proof in the record presented by Mrs. Phillips to the effect
that the unequivocal repudiation in question was not made by Mr. Phillips until January 26, 1993. 
In essence, her proof in this regard is as follows:
      She said she learned of certain payments Mr. Phillips had received on the wheat and grain-sorghum crops and confronted him about the payments on September 25, 1990, and that he stated
he was not going to pay her anything until his lawyer, Rob Dunn, said he had to; that they tried
several times unsuccessfully to reach Rob Dunn by telephone; that Mr. Phillips suggested that they
call James E. Cummins (another attorney); that Mr. Cummins told Mr. Phillips that Mrs. Phillips
was entitled to one-half of the payments; that shortly afterward they reached Rob Dunn who also
told Mr. Phillips that Mrs. Phillips was entitled to one-half of the payments; that Mr. Phillips
claimed that he had received only $5,000 in payments; whereupon, after talking to Rob Dunn, Mr.
Phillips wrote a check for $2,500 to Mrs. Phillips to pay her for her one-half interest of the
payments which he said he had received.
      In further response to Mr. Phillips’s Motion for Summary Judgment, Mrs. Phillips made a
second controverting affidavit in which she outlines how she later learned that Mr. Phillips had
received a much greater amount of crop insurance and Federal Disaster Funds for the 1990 wheat
and grain-sorghum crops than the $5,000 that Appellee Mr. Phillips claimed he had received.
       In this second controverting affidavit, she sets forth five additional dates in which she
confronted Mr. Phillips about the additional money that he had received on the crops, and how 
each time, except one, Mr. Phillips promised her he would “get back to her” about the matter. The
one exception occurred on October 29, 1992, on which day she says he came to her and offered
her $2,000 in final settlement of all her claims for the crop insurance and disaster payments, which
sum she refused to accept.
      She further swears that it was not until January 26, 1993, that Mr. Phillips told her he was not
going to pay her and there was nothing she could do about it.
      The controverting affidavits in the record with regard to the date on which Mr. Phillips
unequivocally revoked the claims of Mrs. Phillips with reference to the crop insurance and disaster
payments on the crops in question, clearly creates a genuine fact issue of a material fact, precluding
summary judgment.
      The duty of the court hearing the motion for summary judgment is to determine if there are any
issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try
the case on the affidavits. Tex. R. Civil Proc. 166-A; Wylie v. Reed, 579 S.W.2d 329 (Tex. Civ.
App.—Waco 1979), affirmed 597 S.W.2d 743.
      In the case at bar, not only is a fact issue raised regarding whether or not Mr. Phillips
repudiated Mrs. Phillips’s claims on September 25, 1990, but also whether such a repudiation, if
made on that date, was unequivocal in view of the later negotiations and settlement offer. 
Appellant’s first point of error is sustained.
      Appellant’s second point of error asserts the trial court erred in granting Appellee’s Motion
for Summary Judgment because, under Texas law, Appellant pled and was entitled to maintain her
cause of action pursuant to Sec. 23.001 of the Texas Property Code. We agree.
      When Appellant and Appellee were divorced, the division of property set out in the divorce
decree did not make any reference to a division of the 1990 wheat and grain-sorghum crops. 
Appellant Mrs. Phillips filed the instant suit for partition on April 14, 1994, seeking partition under
both Sec. 3.90 of the Texas Family Code and Sec. 23.001 of the Texas Property Code.
      Section 23.001 provides as follows:
      Partition.
            A joint owner or claimant of real property or an interest in real property or a
joint owner of personal property may compel a partition of the interest or the
property among the joint owners or claimants under this chapter and the Texas
Rules of Civil Procedure.
      It is well settled that where, as in the case at bar, a divorce decree fails to provide for a
division of community property, the husband and wife become tenants-in-common or joint owners
thereof. Busby v. Busby, 457 S.W.2d 551, 554 (Tex. 1970); Taylor v.Catalon, 140 Tex. 38, 166
S.W.2d 102 (Tex. 1942). Since this property was not partitioned at the time of the divorce, the
judgment entered in the divorce suit did not preclude Mrs. Phillips from seeking a partition of the
undivided community property sought to be now partitioned. Busby v. Busby, supra.
      Even if Sec. 3.90 of the Family Code applied to bar an enforcement action under the Family
Code, that section would not operate to bar an otherwise valid partition under the Property Code. 
See Carter v. Charles, 853 S.W.2d 667,671 (Tex. App.—Houston [14th Dist.] 1993, no writ). The
right to partition is absolute. Tex. Prop. Code § 23.001; Ware v. Ware, 809 S.W.2d 569, 571
(Tex. App.—San Antonio 1991, no writ).
      Summary judgment proof offered by Mrs. Phillips shows that the following payments were
made to Mr. Phillips relative to the 1990 wheat crop and the 1990 grain-sorghum crop:
      1.   From the Agricultural Stahlization and Conservation Service:
 
                  A.  Disaster Funds - 1990 Wheat Crop                                             $11,983.81
                  B.  Disaster Funds - 1990 Grain-sorghum Crop                                       469.33
TOTAL$12,453.14
 
      2.   From the Federal Crop Insurance Corporation 
 
                  A.  Crop Insurance - 1990 Wheat Crop                                            $21,746.00
                  B.  Crop Insurance - 1990 Grain-sorghum Crop                                11,329.10
                              TOTAL                                                                           $33,075.10
 
      3.   Total of Disaster and Crop Insurance Payments                                        $45,528.24
 
      We sustain Appellant’s second point of error.
      The judgment of the trial court is reversed and remanded to the trial court for trial on the
merits.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)
 
Before Justice Cummings,
      Justice Vance and
      Justice James (Retired)
Reversed and remanded
Opinion delivered and filed September 10, 1997
Publish