Louis P. QUINTANILLA, Jr. and wife
Leonides Quintanilla, Appellants,

v.

HARLINGEN NATIONAL BANK,
Appellee.

No. 1746.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 12, 1981.

Rehearing Denied March 5, 1981.

Hector Gonzalez, Thomas Schumacher, Sinton, for appellants.

Michael R. Ezell, Koppel, Ezell & Jackson, Harlingen, for appellee.

OPINION

BISSETT, Justice.

This is an appeal from a summary judgment rendered in favor of Harlingen National Bank, appellee, on a claim by Louis P. Quintanilla, Jr., et ux, appellants, under the Texas Consumer Credit Code, Tex.Rev.Civ. Stat.Ann. art. 5069–2.01 et seq., hereinafter referred to as the "Credit Code." The sole issue in this appeal is whether appellants' Credit Code action was barred by the limitations set out in article 5069–8.04 of the Credit Code. The trial court held that such action was barred by limitations. We affirm.

The instant suit is an action to recover certain penalties under the Credit code because of alleged violations under the Code relating to a retail installment contract. On January 31, 1972, the parties executed a retail installment contract, wherein the appellants bought (partly on credit) a mobile home from Mobile Housing, Inc. At the time of the contract, all parties knew that the note and allied security interests would be assigned to Harlingen National Bank. Such an assignment was made on February 9, 1972. On August 23, 1977, some five and one-half years later, plaintiff filed this suit.

On August 23, 1977, article 5069–8.04 of the Credit Code, in pertinent part, read:

"All such actions . . . shall be brought . . . within four years from the date of the loan, retail installment transaction or within two years from the date of the final entry thereon, whichever is later . . . ."

Appellants admit that the suit was not filed within four years of the date of the execution of the retail installment contract. They assert, however, that the "date of the final entry made thereon . . ." is not until the date that the contract expired in 1982. This theory has been termed by the parties as the "continuing violation" theory.

In considering the language " . . . entry made thereon . . .," it is obvious that the legislature had reference to a physical entry, that is a writing on a document, namely a retail installment contract. Such contracts between lending institutions and its customers, generally, are prepared on pre-printed forms to be filled out to complete an individual or particular transaction. This fact and practice was known to the legislature at the time of the enactment of the Credit Code, as is reflected by the requirement for certain type sizes of print for certain disclosures. Further, the Code paid considerable attention to insuring that all blanks be filled out in these contracts. See Article 5069–6.03(1), 5069–6.02(1), (2) and 5069–7.02(1), (2). Thus, if any blanks were left unfilled in the contract on the date of execution of the retail installment transaction, which date triggers the four year statute of limitations contained in the Credit Code, and these blanks were subsequently filled in, the date of filling in those blanks would be the date of the "final entry made thereon . . . ."

■ The statute is not ambiguous. Limitations begins to run from the date of the final physical entry on the retail installment contract in question. In the case at bar, that date was January 31, 1972, when the contract was executed.

Appellants' argument has been made previously in *Jim Walters Home, Inc. v. Smith*, 592 S.W.2d 670 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). There, the date of the loan to purchase a home by installment payments was July 17, 1973. Suit was filed five years later. Plaintiff asserted that the

"final entry" would not be made on the loan until the last payment was made, approximately 180 months after the date that the contract was signed. The court flatly rejected this argument, stating:

> "We agree . . . that the continuing violation theory is unreasonable and, in the instant case would give plaintiff seventeen years to bring their action. We are strengthened in this belief by the 1977 amendment by the Legislature . . . ."[1]

The purpose of limitation statutes is to prevent the prosecution of stale claims at a time when the facts are no longer in the minds of the witnesses. *McAdams v. Dallas Railway & Terminal Co.*, 149 Tex. 217, 229 S.W.2d 1012 (1950). The application of these statutes is not to be evaded by implied exceptions. The *Continental Supply Co. v. Hutchings*, 167 S.W.2d 914 (Tex.Civ. App.—Dallas 1954, writ ref'd).

If we were to apply appellants' continuing violation theory to the present case, appellants would be able to sue for alleged violations of the Credit Code at any time from March, 1972, until February, 1984, two years after the final payment is made. Such a twelve year period within which to file suit is unreasonable and does not comport with the intent of the legislature in enacting article 5069–8.04 of the Credit Code.

■ The appellants' claim for relief under the Credit Code was barred by limitations when suit was filed on August 23, 1977. The trial court's summary judgment, therefore, was correct. We overrule the point of error.

The judgment of the trial court is AFFIRMED.

---

1. Effective August 31, 1977, this section, 8.04, was amended to read:

   "Such actions may be brought within four years from the date of the loan or retail installment transaction or within two years from the date of the occurrence of the violation, whichever is later . . . ."