**CRAFT'S OF BAY CITY, INC., Appellant,**

v.

**J.J. SMITH, Appellee.**

**No. 13–85–427–CV.**

Court of Appeals of Texas, Corpus Christi.

April 17, 1986.

B. Allen Cumbie, Bay City, for appellant.

Charles Hood, Port Lavaca, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a summary judgment, in which appellant was found to have violated the Texas Consumer Credit Code, TEX.REV.CIV.STAT.ANN. Art. 5069-8.-04(a) (Vernon 1979). The court assessed damages against appellant in the amount of $396.00 plus interest, attorney's fees of $1,000.00, and court costs. This judgment was severed from remaining actions in this cause not related to the Consumer Credit Code violation.

Appellant brings two points of error, asserting that the summary judgment was improper because (1) the evidence shows as a matter of law that the statute of limitations defense is valid, and (2) a fact issue exists regarding the affirmative defense of unintentional and bona fide error.

On July 15, 1978, Mrs. J.J. Smith entered into a retail installment contract with Craft's of Bay City for an 8,000 BTU air conditioner and a 25" color television. The agreement called for monthly payments of $43.75 per month with a final payoff due in 24 months, holding Mr. J.J. Smith liable for the payments.

In October, 1982, appellee still owed a balance of $205.30 on the items. In the course of attempting to collect the debt due and owing on the instrument, appellant filed a criminal complaint against Mr. Smith charging him with the offense of hindering secured creditors. Pursuant to the complaint, an arrest warrant was executed on October 23, 1982, but no arrest was made because Mr. Smith paid the balance owing on the items purchased from appellant.

Appellee filed suit on September 12, 1983, alleging, among other things, violations of the Texas Consumer Credit Code. In order to come within the proper time limitations under the Code, an action "may be brought within four years from the date of the loan or retail installment transaction or within two years from the date of the occurrence of the violation, whichever is later." Art. 5069-8.04(a).

The appellee asserts and the pleadings allege that the contract was signed July 15, 1978, the date of the alleged violations. Therefore, in order to come within the limitations period, suit would have to have been filed before July 15, 1982. Appellee argues that the "violation" of the Code occurred when criminal charges were filed against Mr. Smith. We disagree. Appellee has failed to show this Court how the filing of criminal charges triggered a violation of the Texas Consumer Credit Code. We agree with appellant that the contract was not in compliance with the requirements of the Code from the date of its signing, and that was the violation that triggered the statute of limitations under the Code. *See Quintanilla v. Harlingen National Bank*, 612 S.W.2d 674, 675 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). Appellee could have brought suit for Code violations any time after signing the contract, but waited too long to bring this action.

We sustain appellant's first point of error. We need not consider appellant's second point. Based on our finding that the statute of limitations has run on this cause of action, we reverse the summary judgment and remand this cause to the trial court in accordance with *Hall v. Mockingbird AMC/Jeep, Inc.*, 592 S.W.2d 913, 914 (Tex.1979).