**Paul R. O'DELL, Appellant,**

v.

**REPUBLIC BANK–MEDICAL CENTER, Appellee.**

**No. 04–86–00464–CV.**

Court of Appeals of Texas, San Antonio.

June 30, 1987.

---

Lloyd L. Oubre, San Antonio, for appellant.

William Lewis Sessions, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

## OPINION

BUTTS, Justice.

Plaintiff Paul R. O'Dell, appeals from a judgment in favor of defendant, Republic

Bank-Medical Center. O'Dell executed an Installment Note and Security Agreement with Southwest National Bank in the sum of $1,066.05, granting the bank a security interest in his 1973 Dodge one-half ton pickup truck. The instrument was signed on July 30, 1979. On March 5, 1980, the Bank notified O'Dell by letter that his vehicle had been repossessed by the Bank, and he could redeem it by paying $739.50 by March 15, 1980. Suit was filed February 29, 1984. The evidence shows that he did redeem the vehicle. Further, it is undisputed that Republic Bank-Medical Center succeeded the other bank, becoming the owner of the note and security agreement. After a bench trial, the trial court ruled for the defendant Bank.[1] We affirm.

At trial O'Dell sought recovery based on TEX.BUS. & COM.CODE ANN. §§ 9.501–9.507 (Vernon Supp.1987), TEX.REV.CIV. STAT.ANN. arts. 5069–7.08, 5069–8.01, 8.04 (Vernon Supp.1987); and TEX.BUS. & COM.CODE ANN. §§ 17.41 *et seq.* (Vernon Supp.1987). He expressly waived all common law actions.

The Bank countered with its plea in bar, citing the statute of limitations codified in section 8.04, *supra,* and the statute of limitations codified in the Deceptive Trade Practices Act, *supra,* at section 17.56A. The trial court agreed with the Bank and ruled that all claims were barred.

Specifically O'Dell alleged that the following language of the contract violated the Consumer Credit Code, art. 5069–7.-07(3), (4), and §§ 9.507 and 17.42 of the Business and Commerce Code because it permitted a trespass and provided for unauthorized waiver of the debtor's rights:

> Secured party may enter upon the premises where said collateral is located to peaceably remove the same or render it unusable and in this connection, secured party may take possession of any property that may be located in or upon the collateral and hold the same temporarily

---

1. At the trial the parties and court discussed severing the Bank's counterclaim for attorney's fees, however, no order was entered. The judgment states specifically that all relief not granted is denied. *See North East Independent School District v. Aldridge,* 400 S.W.2d 893, 898 (Tex.1966). This is a final judgment on appeal.

for debtor without any liability to debtor therefor.

\* \* \* \* \* \*

■ The face of the plaintiff's pleadings reflects that the DTPA claim was time barred two years after the act of repossession which occurred on or about March 5, 1980. TEX.BUS. & COM.CODE ANN. § 17.56A. *See, Brooks Fashion Stores v. Northpark National Bank,* 689 S.W.2d 937, 943 (Tex.App.—Dallas 1985, no writ). There is no showing of a cause for suspension of time in the pleadings or evidence. Thus, even if there were a valid claim under the Deceptive Trade Practices Act based on a March 4, 1980, incident, the action must have been filed within the two-year limitation period.

■ O'Dell maintains that the contract action is governed by TEX.REV.CIV.STAT. ANN. art. 5527, *repealed,* now TEX.CIV. PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986) (action on debt). However, the cause of action arising from violation of the Consumer Credit Code because of unlawful language of a contract is governed by the limitations statute, article 5069–8.04. *supra.* This kind of Consumer Credit Code action, based on language, is barred because it was not filed within a period of four years from the date of the loan, in this case, February 5, 1979. *See, Quintanilla v. Harlingen National Bank,* 612 S.W.2d 674, 675 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). Article 5069–8.04(a) provides in pertinent part:

... Such actions may be brought within four years from the date of the loan or retail installment transaction or within two years from the date of the occurrence of the violation, whichever is later ...

It is clear that art. 5069–7.07(3) & (4) and art. 5069–8.01(b), invoked by O'Dell, are therefore governed by limitations set forth in art. 5069–8.04, *supra.*

TEX.BUS. & COM.CODE ANN. §§ 9.501–9.507 control in secured transaction cases when the debtor is in default. The secured party is given a broad array of cumulative enforcement procedures. The debtor is also given certain protective rights upon default, among them, reasonable commercial disposition of the collateral by the secured creditor and the right of redemption after notice. *See, e.g., First City Bank-Farmers Branch, Tex. v. Guex,* 677 S.W.2d 25 (Tex.1984). Section 9.506 provides for the right of the debtor to redeem the collateral, and that was done in the instant case. The default provisions of §§ 9.501–9.507 apply to protect both the secured party and the debtor. If there is wrongful disposition of the collateral, the debtor may invoke these provisions. However, O'Dell redeemed his vehicle according to the notice given him. No violation has been alleged or shown.

Thus all matters alleged as violations either occurred so as to be barred by time, or there was no violation alleged falling within a still-viable period of time.

The point of error that the trial court erred in granting the plea in bar is overruled. The judgment is affirmed.